(No. 18360.—Reversed and remanded.)
DORMAN FORD, Appellee, vs. RUTH LIGHTHALL, et al.
Appellants.

*Opinion filed December 21, 1927.*

1. APPEALS AND ERRORS—*appellee must supply deficiencies in
appellant's abstract.* Under rule 14 it is the duty of an appellee
complaining of the insufficiency of an appellant's abstract to make
and file a further abstract of the record, and counsel for the appel-
lee cannot, by mentioning in their statement of facts the omissions
in the appellant's abstract, refer the court to the record to correct
errors or defects in the abstract filed by the appellant.

2. SPECIFIC PERFORMANCE—*agency to collect rents does not con-
fer authority to sell.* An agency to collect rents does not authorize
the agent to sell the property, and the act of the agent in receipt-
ing for part payments on an alleged contract of purchase does
not bind the owner to the alleged agreement.

3. SAME—*when a complainant cannot testify against heir.* A
complainant seeking to compel specific performance of an alleged
contract to convey certain property to him is not a competent wit-
ness as to conversations with a defendant who owned the property
when the bill was filed but who died before the hearing, where
another party, subsequently made a defendant, is defending against
the alleged contract of sale as heir of the deceased owner.

4. SAME—*when statements of owner cannot be made basis of
estoppel—trusts.* Where a complainant seeking specific perform-
ance bases his bill upon receipts for part payments on the purchase
price, which, however, were not signed by the owner but by her
daughter, who managed the property and collected the rents, relief
cannot be obtained on the ground that certain statements of the
owner to the effect that the property really belonged to her daugh-
ter constituted an estoppel, where such statements were not the
basis for the complainant's action in entering into the alleged con-
tract; and the fact that the daughter had conveyed the property to
her mother for the consideration of one dollar does not give rise to
relief on the ground that the daughter was still the equitable owner,
where the bill does not attempt to make out a case for relief on
the basis of a trust.

5. TRUSTS—*what necessary to establish trust by oral evidence.*
To impress a trust upon property by oral evidence it is essential,
even though the Statute of Frauds be not pleaded, that the facts
be established by clear and convincing proof, and unless the tes-
timony is of that character the court is justified in denying relief.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

W. F. McLAUGHLIN, for appellants.

E. H. ARNOLD, and CHARLES H. MITCHELL, for appellee. ·

Mr. JUSTICE DUNN delivered the opinion of the court:

Dorman E. Ford brought suit January 14, 1922, in the superior court of Cook county, against Ruth Lighthall and Helen Washburn to enforce performance of a contract evidenced by the following writings:

"CHICAGO, *September 10, 1920.*

"Received of Dorman Ford $111.56 to apply for rent of 8633 Ashland avenue in future, but if property is sold to Dorman Ford or any other party, the amount due Mr. Ford on this note of $111.56 is to be paid him from the sale price of the house, said note to bear six per cent interest from date. Rent to apply on note after January 1, 1921.          RUTH L. LIGHTHALL."

"*October 6, 1920.*

"Received of Dorman Ford two hundred eighty-five dollars to be applied on purchase price of $2750 for 8633 Ashland avenue house and lot.          RUTH LIGHTHALL."

"CHICAGO, *October 8, 1920.*

"Received of Dorman E. Ford the sum of five hundred three and 44/100 dollars ($503.44) to apply on purchase price of $2750 for 8633 Ashland avenue house and lot of 25 ft. by 125 ft. balance to be given when title is clear.          RUTH LIGHTHALL."

The defendants filed separate answers, a replication was filed to the answer of Ruth Lighthall, Helen Washburn died, the cause was dismissed as to her, and on June 5, 1924, a supplemental bill was filed alleging that since the filing of the bill Helen Washburn had conveyed all her interest in the premises to Ruth Lighthall. On November

18, 1924, George S. Washburn filed in the circuit court of Cook county a bill for the partition of the same real estate, alleging that he and his sister, Ruth Lighthall, inherited the property from Helen Washburn, their mother. Dorman E. Ford, Etta Tifft Underwood, who held a tax deed, and the city of Chicago, at whose suit a part of the real estate had been condemned, were made defendants. Ford answered this bill and a replication was filed to the answer. On June 26, 1925, Ford amended his bill in the circuit court making Washburn a defendant, who filed a plea. The parties stipulated that the cause in the superior court should be transferred to the circuit court, where the two causes should be consolidated, and orders were entered in both courts accordingly. The cause was heard in the circuit court and a decree entered requiring Ruth Lighthall and Washburn to convey the premises in controversy to Ford upon payment by him to the clerk of the court of $1850, to be disbursed in accordance with the final order of the court. Washburn and Ruth Lighthall have appealed.

Counsel for the appellee complain of the insufficiency of the abstract of the record furnished by the appellants because of its omissions of certain portions of the record and its mis-statements of other portions. They have not furnished a further abstract. Rule 14 provides that if the plaintiff in error or appellant's abstract is incomplete or inaccurate in any substantial part, the defendant in error or appellee may file a further abstract making necessary changes and additions, and unless he does so the abstract will be taken to be accurate and sufficient for a full understanding of the questions presented for decision. It is the duty of counsel for the appellee to prepare the cause for submission by making and filing a further abstract if that furnished by the appellant is insufficient, and they cannot impose upon the court the labor of a search of the transcript of the record to correct errors or defects in the abstract for the reason blandly offered in this case that they

believe it will be more satisfactory to the court and save it labor if, instead of complying with the rule by filing a further abstract, they refer in their statement of facts to the omissions of the appellant's abstract. In this counsel are utterly mistaken. They state that they have not the record before them, and request the court itself to examine various parts of the record. The rules of court in regard to the preparation of abstracts and briefs have been in force for many years. They define, as the result of the experience not only of the judges who now constitute the court but of our predecessors, the most efficient method of presenting cases for our consideration. It is intended that these rules shall be observed and not disregarded whenever for any reason counsel find it inconvenient to follow them.

The title to the property in question was in Helen Washburn. The writings on which the claim of the appellee was based did not purport to be her contract, but, so far as they bound anyone, their effect was limited to Ruth Lighthall. She had held the title prior to 1911, and in 1908 executed a lease of it to Ford for a year and a month at $15 a month rent, which was renewed in 1909, and each year afterward until 1915, the last lease expiring on April 30, 1916. Ford remained in the house under the last lease until September, 1920, paying rent to Mrs. Lighthall. A real estate man then tried to sell the premises to Ford. He did not have the money to buy the place but did not want to move and tried to get a two-year lease, and as a result of negotiation Ford paid $900 in three payments, for which Mrs. Lighthall gave the receipts upon which the suit is based. Ford continued in the occupation of the premises with his family until March 9, 1924, when his wife died, and has since been in possession and in receipt of the rents and has paid taxes and special assessments. On December 11, 1911, Mrs. Lighthall, and George E. Lighthall, her husband, conveyed the premises by quit-claim deed, reciting a consideration of one dollar, to Mrs. Washburn. A

suit for divorce was then pending by Mrs. Lighthall against
her husband.  During the time Ford occupied the premises
and paid rent from April, 1908, to September, 1920, the
rent was paid at 8800 Loomis street, where Mrs. Wash-
burn and Mrs. Lighthall resided together, to Mrs. Light-
hall, or if she was not present, to Mrs. Washburn.

The writings were all signed by Mrs. Lighthall with
her own name.  Her authority to act as agent for Mrs.
Washburn was denied, and no evidence of her agency was
offered and the writings did not purport to bind Mrs.
Washburn.  If she became bound it was by virtue of some
subsequent act of hers.  Mrs. Lighthall had collected the
rents of the property for several years, but an agency to
collect rents does not authorize the agent to sell the prop-
erty.  Ford testified that he talked with both Mrs. Light-
hall and Mrs. Washburn about the sale, but his testimony
was objected to by the appellant Washburn because the
latter was defending against the contract as the heir of
Mrs. Washburn, and Ford was an incompetent witness as
to anything occurring in Mrs. Washburn's lifetime.  This
objection was properly sustained by the court, and there is
no other evidence connecting Mrs. Washburn in any way
with the transaction.

A tender was made by Ford to Mrs. Lighthall and Mrs.
Washburn at their home in the evening of December 21,
1921.  He was accompanied by two friends, from whose
testimony it appears that they went to the house about three
o'clock in the afternoon and met Mrs. Washburn, who told
them that Mrs. Lighthall was not at home, and said that
she could not make any settlement unless she was at home,
as the property belonged to her.  They came back in the
evening, and Ford told Mrs. Lighthall that he was there
to make a tender of the money—to try to settle the case.
Mrs. Lighthall and Mrs. Washburn were both present, and
Mrs. Lighthall said that she would not settle with anybody
as long as Arnold, who was Ford's attorney, had anything

to do with it. Ford told Mrs. Lighthall and Mrs. Washburn that he would give them until the first of the year to settle and give him a deed, and Mrs. Lighthall told him she did not care whether he waited until the first of the year or not—he could commence the next day. The three then went away, and a few days later Ford filed his bill in the circuit court.

There is no question that the legal title in fee simple was shown of record in Mrs. Washburn by virtue of the deed of Mrs. Lighthall and her husband of December 26, 1911, subject to certain incumbrances. Mrs. Washburn had done nothing conferring on Mrs. Lighthall authority to sell the property. There is no competent evidence that she knew that Mrs. Lighthall had executed a lease of the property in her own name. There is evidence that after she acquired the title she permitted Mrs. Lighthall, her daughter, who lived with her, to collect the rents. Her statements in December, 1921, fifteen months after the alleged contract of sale, that she could not settle, that Ruth had all that business and she had nothing to do with it, that the property really belonged to Mrs. Lighthall, could not be made the ground of an estoppel, for it was not the basis of Ford's action in entering into the contract. Ford introduced in evidence on the hearing the answer filed by Mrs. Washburn in her lifetime, in which she stated that at the time Mrs. Lighthall was alleged to have made the agreement with the complainant, Mrs. Washburn had no knowledge of the transaction and never authorized the sale; that the first she knew of it was when Mrs. Lighthall asked her to sign the deed to Ford on April 11, and at that time she learned that Mrs. Lighthall had agreed to sell the premises for $2750, and she did sign the deed and delivered it to Mrs. Lighthall to enable her to close the deal, but Ford did not go through with it or offer to pay the money and the deed was not delivered but was returned to Mrs. Washburn. The proof fails to show that Mrs. Wash-

burn entered into any contract with Ford for the sale of the property.

Counsel for appellee, however, argue that Mrs. Lighthall was in fact the beneficial owner of the property. They base this argument on the fact that she was the owner originally; that she and her husband conveyed the property to Mrs. Washburn, her mother, for the consideration of one dollar; that she had sued her husband for divorce, and they infer that the conveyance was made in settlement of the domestic troubles of Mr. and Mrs. Lighthall to free the property from the inchoate dower interest of the husband, and that the property was held in trust for Mrs. Lighthall. There was no resulting trust, for it was not a conveyance to one person where the consideration of the conveyance was paid by another. It was not a constructive trust, for no circumstances attending the conveyance are shown which would make it inequitable for the grantee to hold the title absolute in accordance with the terms of the instrument. The trust, if any, must therefore have been an express trust, but no evidence of its terms appears in the record. There is no allegation in the bill that Mrs. Washburn held the naked legal title to the premises but that the equitable title was in Mrs. Lighthall. If it were true that Mrs. Washburn held the naked legal title in trust for Mrs. Lighthall and had no further interest in the premises and that Mrs. Lighthall had contracted to sell them to Ford, and the bill had alleged these facts, Ford would have had a standing in equity to compel the performance of the trust by Mrs. Washburn and the performance of the contract by Mrs. Lighthall. (*Kuhn* v. *Eppstein,* 219 Ill. 154.) Neither the bill nor the evidence, however, makes such a case. The deed was an absolute conveyance of the fee without limitation, and the presumption arising from it is that it correctly expressed the whole intention of the parties. While the presumption may be overcome by evidence in a proper case, yet this can only be done by

328–8

clear, full and satisfactory proof. To impress a trust upon property upon oral testimony it is essential, even though the Statute of Frauds be not pleaded, that the facts be established by clear and convincing proof, and unless the testimony is of that character the court is justified in denying the relief. (*Stubbings* v. *Stubbings,* 248 Ill. 406; *Leigh* v. *Laughlin,* 211 id. 192; *Burgett* v. *Osborne,* 172 id. 227.) "A judgment of the court, a deliberate deed or writing, are of too much solemnity to be brushed away by loose and inconclusive evidence." (*Howland* v. *Blake,* 97 U. S. 624.) The testimony of Ford to anything occurring in the lifetime of Mrs. Washburn was incompetent against Washburn, and the facts that Mrs. Washburn put in the hands of her daughter, who was living with her, the collection of the rents, together with the testimony of Osborn and Zahner that she declined to consider the tender in the absence of her daughter and would not discuss the business in her absence and said that her daughter had all that business, and she would not make any settlement unless her daughter was home as the property really belonged to her, are not sufficient to show the existence or terms of any trust.

On this record the decree granting specific performance against Washburn and denying his right to partition can not be sustained. If Ford has any right to equitable relief against Mrs. Lighthall it is not presented by the pleadings.

The decree is reversed and the cause is remanded to the circuit court, with directions to permit amendments of the pleadings by any of the parties, if they shall request it, and thereupon to proceed in accordance with this opinion, and if the pleadings are not amended, with directions to enter a decree of partition as prayed in the bill of George S. Washburn.

*Reversed and remanded, with directions.*