### 23169. HALL v. KIMSEY *et al.*

STEPHENS, J. 1. The assignment of error in the bill of exceptions upon the judgment of the trial judge in passing upon both law and facts is sufficient, under the ruling in *Gleason* v. *Traynham,* 111 *Ga.* 887 (36 S. E. 969).

2. Where a regularly chartered corporation continues, after the expiration of its charter, to conduct, within its corporate powers, the business for which it was incorporated, and deals with others as a corporation, it is a de facto corporation, and is liable upon contracts which it has made within its corporate powers. In a suit against it upon a contract so made, a defense that the corporation's charter has expired and that it is nonexistent as a corporation, can not be maintained. *Georgia So. & Fla. R. Co.* v. *Mercantile Trust & Deposit Co.,* 94 *Ga.* 306 (21 S. E. 701, 32 L. R. A. 208, 47 Am. St. R. 153); *Torras* v. *Raeburn,* 108 *Ga.* 345 (33 S. E. 989); *Brown* v. *Atlanta Railway & Power Co.,* 113 *Ga.* 462 (39 S. E. 71); *Brooke* v. *Day,* 129 *Ga.* 694 (59 S. E. 769); *Howard* v. *Long,* 142 *Ga.* 789 (83 S. E. 852); *Ward-Truitt Co.* v. *Bryan,* 144 *Ga.* 769 (87 S. E. 1037); 14 C. J. 203, § 214. This is true notwithstanding the de facto corporation does business with the public under and holds itself out as having a name which is different from, though a slight variation of, the name under which it was incorporated.

3. Where a corporation, incorporated under the name of "Trustees of the Young Harris Institute," continues, after the expiration of its charter, to operate within its corporate powers in the conduct of the business for the transaction of which it was incorporated, and holds itself out to the public as a corporation under the name of "Young L. G. Harris College," and does business as a corporation under that name, it is a de facto corporation. In a suit against it, as "Young L. G. Harris College," to recover on open account for property and services furnished to it as "Young L. G. Harris College," it can not escape liability upon the ground that its charter had expired and there was no such corporation as "Young L. G. Harris College."

4. The negligent failure of a clerk of the superior court to sign the process which is attached to a petition filed in his office, and to sign the copy of the process, is a breach of the clerk's official duty, and consequently a violation of his official bond which obligates him to the faithful performance of the duties of the office. And where, as a result thereof, the service perfected upon the defendant in that case was illegal and there was no suit pending against it, and, by reason of a failure to perfect legal service upon it, the plaintiff's cause of action became barred by the statute of limitations, but where, had the service been legal the plaintiff's cause of action would not have become barred by the statute of limitations, and where the plaintiff's suit was dismissed for a lack of legal service of a petition and process served upon the defendant, and this was not amendable, as was held in *Hall* v. *Young L. G. Harris College*, 38 *Ga. App.* 662 (145 S. E. 96), the clerk and the sureties upon his official bond are liable to the plaintiff for the damages thus arising from the breach of the clerk's official bond.

5. In a suit against the clerk and the sureties upon the clerk's official bond, to recover for the damages thus sustained by him as a result of the clerk's negligence as indicated, it is no legal defense to the suit that the defendant in the other suit, the Young L. G. Harris College, which purported to be a corporation, was not a corporation because its charter had expired, and it appearing from the agreed statement of facts that the plaintiff had been injured by a breach of the bond by the clerk's negligence in not attaching the process and copy of process to the petition, which caused the plaintiff's claim against the college to become barred by the statute of limitations, and where the plaintiff in the petition did not limit his right to recover in damages alleged as the value of his claim against the college and other expenses incurred, the plaintiff at least was entitled to recover nominal damages against the defendants, and the judgment found for the defendants was without evidence to support it and contrary to law. See *Truitt* v. *Rust &c. Co.*, 25 *Ga. App.* 62 (102 S. E. 645).

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 24, 1934.

*R. C. Jenkins,* for plaintiff.
*T. S. Candler, J. B. Jones,* for defendants.