(No. 26708.—<span style="background:black"></span>
ANTOINE ESPADRON, Appellee, vs: CHARLES F. DAVIS et al.
—(CHARLES F. DAVIS, Appellant.)

*Opinion filed September 21, 1942.*

HARRY J. ROSENZWEIG, and JOSEPH B. GILBERT, for appellant.

PRESCOTT, BURROUGHS & TAYLOR, (A. M. BURROUGHS, and ULYSSES S. KEYS, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant seeks reversal of a decree of the circuit court of Cook county which set aside and removed as clouds a certain bailiff's deed to certain described real estate, issued by the bailiff of the municipal court of Chicago to the National Bond & Investment Company, and a quitclaim

deed from the grantee in the bailiff's deed to appellant. This decree also enjoined appellant from further prosecuting a forcible detainer suit against a tenant in the premises involved. Appellee sets out in his complaint that Isabella Ricard was, in 1932, the owner of the real estate involved in this case, and on August 6 of that year she and her husband entered into an agreement with appellee by the terms of which the rents were assigned to him for the purpose of paying a debt which Isabella Ricard owed appellee, in the sum of $950. When the debt was paid possession of the property was to be returned to her. This agreement was unrecorded and provided that out of the rents appellee should pay the taxes and expenses against the property, applying the balance to his debt. He charges that he has been in possession under that agreement, which he says is color of title, and having paid taxes, he is entitled to hold the property against the world. He recites also that in 1940 the Ricards gave him a quitclaim deed to the premises.

His complaint also alleges that a judgment was entered against Isabella Ricard in favor of the National Bond & Investment Company on July 2, 1934, for the sum of $499.26 and on February 19, 1936, the bailiff of that court sold the premises by virtue of that judgment, and the National Bond & Investment Company purchased it for $100 and on April 27, 1939, conveyed it to appellant. He charges in his complaint that this judgment against Isabella Ricard was obtained by fraud. He states on information and belief that Isabella Ricard, the defendant therein, was not served with summons and had no knowledge of the pendency of the suit before final judgment was rendered against her. The complaint recites that the summons shows on its face that it was served on her at 310 East Thirty-second street, Chicago, on June 18, 1934, and appellee states on information and belief that the said Isabella Ricard did

not live at that address and never had lived there. The complaint also avers that the National Bond & Investment Company, plaintiff in that suit, knew that she had not lived at that address but that she lived at 3151 Prairie avenue. Therefore he says that the judgment was fraudulently procured and the court did not have jurisdiction of the defendant in that suit, and this being so, the judgment was void and all proceedings taken under it were void and appellee has a right to assert his title. Appellant, Davis, the defendant, filed a motion to strike the complaint, which was denied, and abiding that motion the decree was entered against him ordering the setting aside of the deeds, including the deed to appellant.

We are met, as a first consideration in this case, with the question whether Espadron, the complainant, has a right to attack the judgment in the municipal court upon which the deeds are based. It is conceded that this is a collateral attack. It is to be borne in mind that Espadron was not a party to the suit in that court and that since the sale the defendant, appellant, has acquired this property by purchase. There is no charge in this complaint that he, Davis, knew any facts that would tend to indicate that the summons issued against Isabella Ricard in the municipal court was defective. So far as the record shows, he is an innocent third party who has purchased this property on faith in the judgment on which the sale to his grantor was based.

The rule long established in this State, is that where the rights of third persons have intervened, which rights were obtained in good faith and are based on a judgment entered on a sheriff's return showing valid service of summons, such return cannot be contradicted in a collateral proceeding, though as against third parties acquiring rights with notice of the facts, the return is not conclusive. (*Hilt v. Heimberger,* 235 Ill. 235; *Jones v. Neely,* 82 id. 71;

*Rivard* v. *Gardner,* 39 id. 125.) It was held in *Kochman* v. *O'Neill,* 202 Ill. 110, that where want of jurisdiction does not appear on the face of the record, it may be shown by evidence *dehors* the record, provided the evidence is clear and strong and the rights of third parties have not intervened, citing *Hilt* v. *Heimberger, supra; Davis* v. *Dresback,* 81 Ill. 393; *Owens* v. *Ranstead,* 22 id. 161. An examination of the cases cited by appellee will disclose that the one attacking the judgment was a party to the proceeding in which the judgment was entered, or was one injured by the judgment. There is no allegation in the complaint that at the time this judgment was entered in 1934, appellee had any interest in the property other than the unrecorded assignment of rents to be applied on his debt.

Counsel for appellee also argue that the complaint also charges that as the judgment was entered and execution issued in 1934 and sale was not had until 1936, which was more than a year, the execution had expired and for that reason the sale under it was void. This, however, was a conclusion of the pleader, not admitted by the motion to strike the complaint. For aught that appears in the complaint an alias execution might have been issued.

We are of the opinion that appellee's complaint does not show that he has a right to attack the judgment issued against Isabella Ricard in the municipal court and so does not show a right to maintain this suit, and the chancellor erred in granting the relief prayed. The decree is therefore reversed and the cause remanded to the circuit court with directions to allow the motion to strike the complaint.

*Reversed and remanded, with directions.*