29729.   KIMSEY *et al. v.* HALL.

DECIDED NOVEMBER 21, 1942.

*John M. Johnson, Joseph G. Collins,* for plaintiff in error.
*Hammond Johnson, M. L. Harris, D. D. Veal,* contra.

STEPHENS, P. J.   Hall sued Kimsey, the clerk of the superior court of Towns County, for damages alleged to have been received by reason of the failure of the defendant to sign the process and the copy of process to a suit which the plaintiff had filed against Young L. G. Harris College, the alleged damage being that by reason of the alleged dereliction of the defendant the plaintiff's suit against the college became barred. This court has held that under such circumstances the plaintiff is entitled to recover in some amount of damages against the clerk. *Hall* v. *Kimsey,* 48 *Ga. App.* 605 (173 S. E. 437).

It appears undisputed from the evidence that the suit of Hall v. Young L. G. Harris College was filed in Towns superior court on

May 6, 1926, and that the contract or account sued on accrued May 9, 1922. The suit therefore was filed within a few days before the date on which the cause of action would become barred by the statute of limitations, which was four years. It appears conclusively that when the suit against the college was filed the clerk was particularly admonished by the plaintiff that the cause of action was about to become barred, and that he urged the clerk to be diligent in seeing that service was properly perfected. It appears from the undisputed evidence that later, at the March term 1928, after the claim had become barred, the action was dismissed on the ground that it was a nullity, in that the original process and copy of process had never been signed by the clerk of the court, the defendant Kimsey.

It is essential to the validity of a suit, after it has been filed, that process be legally and regularly served on the defendant, or proper acknowledgment of service be made by the defendant within the time allowed by law, unless the defect is amendable under such circumstances that such amendment is permissible.

In *Hall* v. *Young L. G. Harris College,* 38 *Ga. App.* 662 (145 S. E. 96), in which the judgment above referred to of dismissal of the case was reviewed and affirmed, it was held that the original process attached to the petition and the copy thereof served on the defendant not having been signed, there was no legal process, that the action was a nullity, and that there being no process the court did not err in refusing to allow the proffered amendment to the process.

It therefore appears undisputed from the evidence in the present case, from the copy of the suit of Hall v. Young L. G. Harris College, and from the testimony of the defendant Kimsey himself, that no process on the original suit was ever signed. The defendant testified that he did not sign the process; that it was an oversight; that to the best of his recollection and knowledge he signed the copy that was served on Dr. Sharpe; that the plaintiff urged the witness to sign the process and have the copy served, and that if the defendant did not do so the plaintiff would be very soon barred by the statute of limitations; and that the defendant signed the process that was directed to Dr. Sharpe. Dr. Sharpe evidently was the representative of the Young L. G. Harris College. While it may be inferred from the evidence that the copy process was

signed by the clerk, it is nevertheless undisputed that the original process was not signed. Whether or not the copy process was signed, it is essential to the validity of a suit that there be a signed original process which is served on the defendant only by leaving with him a copy thereof. A signed copy served on the defendant is not a copy of the original unsigned process. In *Stinson* v. *Branan,* 166 *Ga.* 752 (144 S. E. 324), it was held that where the clerk fails to issue the required process the suit is void, and a service thereafter of the petition without such process does not constitute a valid suit. *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912). Irrespective of the nature of the copy process served on a defendant, whether it is signed by the clerk or not, the suit is invalid unless there is a good and valid original process, and there is no such valid original process where such original process has not been signed by the clerk. Therefore, under the undisputed evidence in this case, a verdict for the plaintiff was demanded as a matter of law, in whatever amount of damage within the sum alleged it might appear the plaintiff had suffered by virtue of the alleged negligence of the defendant. Since the verdict for the defendant was not authorized, but a verdict in favor of the plaintiff was demanded, the court did not err in granting a new trial.

There was no merit in the motion of the defendant to dismiss ground 3 of the motion for new trial, in which the plaintiff excepted to the admission of the above referred to testimony of the defendant. The court did not err in admitting the testimony of the defendant, which was to the effect as above referred to, the substance of which is stated.

Grounds of the amended motion for new trial in which the plaintiff excepts to the failure of the court to admit the agreed statement of facts made on another trial of the case, are insufficient in that it does not appear what were the contents of such agreed statement of facts.

It was not error harmful to the defendant for the court to charge that a duty rested on the plaintiff to lessen his damage.

The court properly granted a new trial.

*Judgment affirmed. Felton, J., concurs. Sutton, J., disqualified.*