(No. 27483.—)
.Antoine Espadron *et al.,* Appellees, *vs.* Charles F. Davis *et al.*—(Charles F. Davis, Appellant.)

*Opinion filed January 18, 1944.*

Joseph B. Gilbert, of Chicago, for appellant.

Prescott, Burroughs & Taylor, (A. Morris Burroughs, of counsel,) all of Chicago, for appellees.

Mr. Justice Gunn delivered the opinion of the court:

Appellee, Isabella Ricard, and her husband, and Antoine Espadron filed a bill in equity in the superior court

of Cook county to compel Charles F. Davis, appellant, and Simeon Loudenback to specifically perform a contract to convey certain real estate to appellee Isabella Ricard. A decree was entered in favor of appellees, and Charles F. Davis, alone, appeals. A freehold is involved.

The case was decided upon the pleadings. The plaintiffs, in their second amended complaint, alleged that on August 14, 1939, Simeon Loudenback, being or pretending to be seized in fee simple of certain real estate, entered into a contract in writing with Isabella Ricard, upon the payment of $600 in monthly installments, to convey the real estate involved to her; that certain payments were made under the said contract, and that she was able and willing to pay the balance, but that Loudenback refused to comply with the same. The complaint further alleged that November 29, 1939, the appellant, Charles F. Davis, gave notice to the tenant occupying the property purchased that he was the owner of the property, and directed the rent to be paid to Loudenback, and that Loudenback was the agent of Davis and authorized to sell the property; that the property had formerly belonged to Isabella Ricard and Loudenback had acquired title through a bailiff's sale and directed the bailiff's deed to the property to be made in the name of Charles F. Davis, and that Davis had full knowledge of the contract made by Loudenback with Isabella Ricard; and that knowledge of Loudenback, acting as his agent, after entering into the contract with appellee, constituted a ratification of the agreement, and his failure to repudiate the agreement, or offer to refund the money paid, constituted a ratification, and that at all times Davis held title to the property as trustee for the use and benefit of Loudenback, and that Davis was not an innocent purchaser for value without notice of the contract made with Loudenback; and prayed that Davis be decreed to hold the title for the use and benefit of Loudenback, and that the defendants be decreed to specifically perform the contract

of August 14, 1939, and to accept the full amount of the purchase price deposited with the clerk of the court. Afterwards, in January, 1940, Isabella Ricard made a quitclaim deed of the property to appellee Antoine Espadron.

The motion to dismiss, among other things, relied upon the decision of this court in *Espadron* v. *Davis*, 380 Ill. 199; that an agency to collect was not authority to sell real estate; that the contract of sale lacked mutuality; that the transfer of the real estate to Espadron deprived the plaintiff, Isabella Ricard, of the right to specifically enforce, and that Charles F. Davis was a record purchaser at the bailiff's sale in good faith for value. The motion to strike and dismiss was overruled by the court, and the defendants elected to stand on the motion, and decree was entered by the court finding defendants admitted all of the allegations of the complaint well pleaded; that Loudenback had made the contract with Isabella Ricard, and that Charles F. Davis held title to the property for the use and benefit of Loudenback, and that Davis knew of the contract, and of the payment of the money thereunder, and failed to repudiate it, and had in equity ratified the transaction, and thereupon decreeing specific performance, and a permanent injunction was issued restraining defendants from interfering with the use and occupancy of the premises by Isabella Ricard.

Later, Charles F. Davis made a motion to vacate the decree, and for a rehearing of his motion to strike. Nothing different from that alleged in the motion to strike is alleged in the motion to vacate other than that a petition filed in the municipal court to vacate the judgment against Isabella Ricard alleged facts which it is claimed shows that her sworn bill of complaint was false. The motion to vacate was denied, and Davis, alone, appeals to this court.

The first ground urged for reversal is that the case of *Espadron* v. *Davis*, 380 Ill. 199, is an adjudication of all

issues in the present case. Espadron was the plaintiff in that case and Davis was the defendant, and the sole purpose was to remove the cloud from the title based upon the invalidity of the judgment, because of defective service of process under which Davis acquired the property, and in that case we held that this constituted a collateral attack which could not be maintained to disturb a *bona fide* purchaser at a judicial sale for value when the record showed due process. In the present case the legal title in Davis is not questioned, but he is alleged to be the holder thereof for Loudenback. The specific performance of the written contract as against the legal and equitable holder was decreed, and thus the issue in this case does not affect the title procured by the defendants at the bailiff's sale, but relates entirely to the enforcement of the contract made after they had acquired title. This is not involved in any of the issues in *Espadron* v. *Davis,* 380 Ill. 199.

The rule in such cases is set out in *Barry* v. *Commonwealth Edison Co.* 374 Ill. 473, as follows: "In the consideration of the doctrine of *res judicata* or estoppel it must be noted that there is a wide difference between the effect of a judgment or ruling as a bar against the prosecution of a second action between the same parties upon the same claim or demand, and its effect, as an estoppel, in another action between the same parties upon a different claim or demand; in the former it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. [Citations.] Where, however, the second action between the parties is upon a different claim or demand, the judgment or ruling in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered." It is apparent that neither the parties nor the subject matter

of the suit in this case are the same as those in the *Espadron case.*

It is next asserted by appellant that the right to specific performance has been lost by appellees because Mrs. Ricard delivered a quitclaim deed of the real estate involved to Antoine Espadron. It is not explained how this result necessarily follows other than to make the statement that the delivery of the deed operated as an assignment of all rights under the contract of purchase. If, as appellant contends, Espadron was the assignee of the contract of purchase this does not deprive him of the right to enforce specific performance. (*Lewis* v. *McCreedy,* 378 Ill. 264.) On the other hand, if the quitclaim deed did not operate as an assignment of the contract there is no reason shown why she should not compel a specific performance of the contract, not only to relieve her of any liability for a return of the consideration received for making such deed but also because, in such case, she would be the holder of the equitable title for the benefit of her grantee. The fact that both plaintiffs appear to have an interest requires that they both become parties to the action, since it is only where the assignor retains no interest whatever in the contract that the assignee may become the sole plaintiff and sue in his name alone. *Gleason & Bailey Mfg. Co.* v. *Hoffman,* 168 Ill. 25.

Appellant also contends that the allegations of the bill and finding of the court are not sufficient to warrant a decree of specific performance against Davis. The complaint alleges that Loudenback purchased the judgment against appellees and the premises sold by the bailiff, and took title in the name of Davis for the use and benefit of himself, that Davis had no pecuniary interest therein, and that the latter knew of the sale of the premises to appellees and stood by while Loudenback put appellees in possession of the property, and never was an innocent purchaser for

value, all of which facts were· admitted by the motion to strike.

The decree also specifically finds that Loudenback was seized in fee of the real estate at the time the contract was made, that he held an unrecorded deed for the real estate in question, and that at said time .Davis held title to the premises for the use and benefit of Loudenback, and that the contract in question was made with the knowledge of Davis and was in fact ratified by him. The facts thus alleged and found by the court are ample warrant for a decree of specific performance. *Kuhn* v. *Eppstein,* 219 Ill. 154; *Ford* v. *Lighthall,* 328 Ill. 107.

It is to be noted that Davis, only, appeals, which would leave the parties in this interesting position: Appellees had deposited the consideration mentioned in the contract with the clerk of the court; Loudenback by his failure to appeal would be required to make a deed and could make claim to the consideration; but Davis, who was found to be the mere trustee for Loudenback, if successful in his appeal, would remain the legal owner of the property, and thus result in appellees not only obtaining nothing substantial for their money, but being likely to lose the money itself. It is unnecessary to comment that equity will not countenance such a result.

Strictly speaking, the motion to vacate the decree does not add anything to the objections raised upon the motion to strike and dismiss, other than to show what is claimed to be an inconsistency between what is set out in the complaint for specific performance and what is said in Mrs. Ricard's petition to vacate the judgment entered against her in the municipal court. Counsel for appellants overlook the requirements of the two different types of cases. It is necessary, in a specific performance case, to show that, while Davis was apparently the owner, Loudenback was in fact the true owner; whereas, in the petition for vacating the judgment, the motion would be directed only to the parties

thereto. There is no inconsistency in the allegations since both pleadings show the bailiff made the deed to Davis, but he is mentioned in the specific performance case before us to show that he was but the nominee of Loudenback, which fact would have no relevancy in a motion to vacate a judgment at law.

Other points are raised and argued but are merely ancillary to the questions we have already discussed. We find no merit in the position of appellants and the decree of the superior court of Cook county is, therefore, affirmed.

*Decree affirmed.*