(No. 31126.

ALBERT E. LAKE, Appellee, *vs.* ANNIE TOMES *et al.*— (PETER A. GROSSO, Appellant.)

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

Joseph B. Gilbert, of Chicago, for appellant.

Thomas J. Mullen, of Chicago, (Albert E. Lake, *pro se,* of counsel,) for appellee.

Mr. Justice Simpson delivered the opinion of the court:

From a decree of the superior court of Cook County dismissing his counterclaim and ordering a sale of the premises here involved to satisfy the indebtedness secured by a trust deed thereon, which favors appellee, Albert E. Lake, the appellant, Peter A. Grosso, perfected his appeal to this court, a freehold being involved.

April 17, 1924, George Tomes was the owner in fee of a lot situated in the city of Chicago upon which is an eight-room brick dwelling house alleged to be worth about $10,000. On that date George Tomes and his wife, Annie Tomes, executed a trust deed conveying said premises to the Chicago Title and Trust Company, trustee, to secure the payment of a promissory note in the principal sum of $9000 due five years after date. Appellee acquired the note in due course and is the holder of the indebtedness secured by the trust deed on the premises. Because of an alleged default in the payment of principal and interest due on April 1, 1940, appellee commenced a suit to foreclose the trust deed. Appellant filed an answer and counterclaim in

which he claimed title to the premises based on a deed issued by a master in chancery pursuant to a decree in a prior suit to foreclose a·mechanic's lien.

August 26, 1930, Edward W. Chambers and Mary C. Chambers, who were in possession of the premises under a contract to purchase, entered into a written contract with the Sunbeam Heating Company, Inc., for the installation of a furnace in the dwelling house on the premises, at the cost of approximately $412. Upon default of payments under the contract, to the extent of $292, the Sunbeam Heating Company, Inc., instituted a suit to foreclose a mechanic's lien. The Chicago Title and Trust Company, trustee, George Tomes and Annie Tomes, were made parties defendant. The holder of the indebtedness secured by the trust deed, appellee here, was made a party defendant under the designation of "Unknown Owners." The circuit court ordered the sale of the premises to satisfy the amount due under the contract and the premises were sold to Sunbeam Heating Company at the master's sale. After the period of redemption had expired, the master in chancery executed and delivered a deed to the American Radiator Company, assignee of the purchaser at the mechanic's lien foreclosure sale. The decree of foreclosure of the mechanic's lien was filed August 12, 1937; the master's deed was issued January 12, 1939, and on January 29, 1940, the premises were deeded to appellant, Peter A. Grosso, in consideration of the sum of $300.

September 30, 1938, Carl Kahler leased the premises from George Tomes and Annie Tomes, for a term of one· year, with an option to renew for two years, on a monthly rental basis. On April 1, 1940, appellant, Peter A. Grosso, served the tenant, Carl Kahler, with a demand for possession of the premises. On April 27, 1940, George and Annie Tomes, and appellee, Arthur E. Lake, filed a petition in the nature of a bill of review to set aside the decree of foreclosure in the mechanic's lien suit on the ground that

the petitioners had no notice of the suit to foreclose the mechanic's lien. George and Annie Tomes averred that they had never been served with summons in the cause, and did not learn about the suit until after service of demand for possession on their tenant. The return of the sheriff was to the effect that George Tomes and Annie Tomes had been served with summons by leaving a copy of the same with a member of their family at their usual place of abode.

The petition in the nature of a bill of review was the proper procedure to determine whether the circuit court had acquired jurisdiction of the defendants in the mechanic's lien suit. (*Koberlein* v. *First Nat. Bank,* 376 Ill. 450; *Elieff* v. *Lincoln National Life Ins. Co.* 369 Ill. 408.) Appellant's motion to strike the petition in the nature of a bill of review was allowed by the circuit court. On appeal the Appellate Court reversed and remanded the cause with directions that the circuit court inquire into the matters alleged in the petition. After a hearing, the circuit court found that George Tomes and Annie Tomes had not been served with summons and the decree was vacated and set aside and the summons quashed. Thereafter, appellant filed a petition to vacate the order of the circuit court setting aside the decree of foreclosure of the mechanic's lien and quashing the summons. A hearing was had on this petition and the order vacating the decree and quashing the summons was set aside and said decree of foreclosure reinstated. Appellee, and George and Annie Tomes, appealed from this order. The Appellate Court reversed and remanded the cause to the circuit court with directions that the summons· be quashed, the decree vacated, and a hearing be had on the merits of the cause. The record does not disclose what further proceedings, if any, have been had in the suit to foreclose the mechanic's lien.

Appellant contends that he purchased the premises in question in good faith more than two years after the sale

under the decree of foreclosure in the mechanic's lien suit; that he relied upon the record containing recitals of jurisdictional facts and upon the sheriff's return showing service of summons upon defendants in the suit; and that his title was not affected by the later order of the Appellate Court setting aside the foreclosure decree. Appellant does not appear to have been a party in the suit to foreclose the mechanic's lien, but he was made a party in the petition in the nature of a bill of review and took an active part in litigating the questions presented in that suit.

Appellant rests his case on the well-settled rule that when a decree affecting the title to property has been rendered by a court of equity having jurisdiction of the subject matter and of the parties, a purchaser who buys in good faith and in reliance upon the decree before a writ of error is prosecuted or other action taken to avoid it will be protected, notwithstanding the decree is afterwards reversed or set aside. (*Smith* v. *Herdlicka,* 323 Ill. 585.) It is a long-established rule in this State, in such a case, that where the rights of third persons have intervened, which rights were obtained in good faith and are based on a judgment entered on a sheriff's return showing valid service of summons, such return cannot be contradicted in a collateral proceeding, though as against third parties acquiring rights with notice of the facts, the return is not conclusive. (*Espadron* v. *Davis,* 380 Ill. 199.) It would appear, therefore, that at the time appellant acquired the deed upon which he rests his title he could have invoked the familiar rules of law announced in these cases, provided, of course, that he could have established himself to be an innocent purchaser without notice of any irregularity or fraud exercised in obtaining jurisdiction of the parties to the action in which the sale of the premises was decreed.

Soon after appellant acquired his deed, he attempted to gain possession of the premises by serving notice on

Carl Kahler, who was then occupying the premises under an extension of a written lease previously executed by George Tomes and Annie Tomes, the owners thereof. It appears that Kahler thenceforth recognized appellant's title and began paying rent to him. Within less than thirty days after the tenant had been notified that appellant claimed to be the owner of the premises, appellee, Lake, together with George Tomes and Annie Tomes, the owners of the fee title, filed a petition in the nature of a bill of review, seeking to set aside the decree of foreclosure in the mechanic's lien suit. Appellant, Grosso, was made a party to these proceedings.

An attack upon a decree by a bill of review is collateral so far as a purchaser who was not a party to the suit is concerned, and his title will be protected if the court had jurisdiction of the parties and the subject matter. (*Vyverberg* v. *Vyverberg,* 310 Ill. 599; *Ward* v. *Sampson,* 395 Ill. 353.) Undoubtedly the purpose in making appellant, Grosso, a party to this proceeding was to determine and adjudicate what right, if any, he had acquired in the premises by virtue of the suit to foreclose the mechanic's lien. If he was a purchaser who, in good faith, relied upon the record of the proceedings, including the return of the sheriff showing service of summons upon defendants in that suit, he had an adequate defense to the bill of review and could there have asserted all rights which had been acquired after the entry of the decree of foreclosure.

It does not appear in the record, or in the Appellate Court opinion attached to the pleadings, that appellant interposed this defense in the proceedings to set aside the decree upon which his title rested. It is the contention of appellee that the order of the Appellate Court setting aside the decree of foreclosure in the mechanic's lien suit is final and binding on appellant, as well as the other parties to the suit. The rule is well settled that the doctrine of *res judicata* extends not only to matters actually determined in the

former suit, but also embraces all grounds of recovery and defense involved and which might have been raised. *Lee* v. *Hansberry,* 372 Ill. 369.

Appellant, as a party to the petition in the nature of a bill of review, was bound to assert his rights in that proceeding in order to protect his title against the possibility of an order being entered setting aside the decree upon which his title depended. The parties in the present suit to foreclose the trust deed, and the parties to the petition in the nature of a bill of review, not only include appellant, but also include appellee and the other defendants to this suit, or their privies. The present cause of action is not the same as the former proceeding, although the same parties appear in both suits. In the proceeding arising out of the petition in the nature of a bill of review, the same defense was involved, and could have been interposed by appellant, as the defense interposed by his answer and counterclaim in the present suit to foreclose the trust deed.

The question of appellant's title, which arose out of the decree of foreclosure of the mechanic's lien, was material in both cases. It is the rule in cases where the second action between the same parties is upon a different claim or demand but some fact or question material to the second case has been determined in the prior action, such former adjudication of that fact or question is conclusive in the second suit. (*Leitch* v. *Hine,* 393 Ill. 211.) Under the doctrine thus announced appellant is bound by the judgment in the former suit, setting aside the decree of foreclosure because the court had not acquired jurisdiction over the persons of the owners of the fee title to the premises in question. The superior court did not err in dismissing appellant's counterclaim and granting foreclosure of the trust deed.

The decree of the superior court of. Cook County is accordingly affirmed.          *Decree affirmed.*