(No. 33442.—

Joan Janove, Appellant, *vs.* John Bacon, Appellee.

*Opinion filed May 20, 1955—Rehearing denied September 19, 1955.*

BERNARD ALLEN FRIED, of Chicago, for appellant.

LAVERN W. THOMPSON, WALTER H. CHAMBERS, and PERCIVAL E. THOMPSON, all of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff brought an action in the circuit court of Cook County to quiet title to certain real estate in Chicago. The case was heard on a stipulation of fact, and a decree was entered dismissing the complaint. The plaintiff appeals.

The plaintiff claims title through a sale pursuant to a decree entered in a creditor's suit against the Builders Investment Company, an Illinois corporation. The defendant claims title under a deed executed pursuant to a decree entered in an action brought against that company to foreclose a lien for unpaid Federal taxes. In October, 1938, the real estate in question was conveyed by the Builders Investment Company and certain other grantors to the Stockyards Trust and Savings Bank as trustee to be held for the sole benefit of the Builders Investment Company. The trust agreement provided that the beneficiary should have no interest in the real estate as such but only in the income derived from it. In 1933 the Stockyards Trust and Savings Bank changed its corporate name to the Stockyards Bank and Trust Company, and later in the same year the name was changed to the Livestock National Bank of Chicago.

In 1935, upon an information brought by the Attorney General, the Builders Investment Company was dissolved by a decree of the superior court of Cook County. On August 30, 1938, however, an action entitled *"Garvey v. Builders Investment Company"* was brought in the circuit

court of Cook County to recover upon a promissory note. Judgment was entered against the company in the amount of $1876.73. That judgment was later assigned to one Zipperman, who, on October 4, 1939, brought a creditor's bill against the Builders Investment Company and against the Stockyards Trust and Savings Bank as trustee, asking that the real estate in question be sold to satisfy the judgment.

Service on Builders Investment Company, as shown by the sheriff's return, was made by leaving a copy of the summons with Chester G. Kilkes, "president of said corporation." Service on the trustee was made by leaving a copy of the summons with E. E. Crawford, "an officer of said corporation." The court entered a decree on December 4, 1940, granting the prayer of the bill and ordering the property sold. The decree recited that both defendants had been served with summons, and that they had not filed an appearance. The court found that it had jurisdiction of the parties, that the Stockyards Trust and Savings Bank held legal title to the real estate under a trust of which Builders Investment Company was the sole beneficiary, and that Zipperman had a lien on the property for $2080.30, (the amount of the judgment plus interest).

The property was sold to Zipperman on January 2, 1941, and he received a master's deed on April 3, 1942. Later in that year he conveyed to the plaintiff in the present action.

Defendant's principal contention is that the original money judgment in 1938 and the decree in the creditor's suit in 1940 were both void because the Builders Investment Company had been dissolved in 1935.

Section 94 of the Business Corporation Act provides that "The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to

such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution." Ill. Rev. Stat. 1953, chap. 32, par. 157.94.

Defendant states his contention as follows: "(T)he judgment which forms the basis of the plaintiff's title, having been entered more than two years after the dissolution of the defendant corporation, was an absolute nullity and stands in exactly the same category as a judgment entered against a natural person where the suit was commenced and the judgment was entered after such person was dead." He also alleges that the original money judgment was entered by confession, and contends that the power to confess judgment is terminated by the death of the maker. The argument proceeds upon the premise that at common law dissolution rendered a corporation incapable of being sued, and that section 94 of the Business Corporation Act merely postpones for two years the point at which this incapacity begins. See Stevens, Corporations, sec. 200; 47 A.L.R. 1288; 97 A.L.R. 477.

We are not prepared to say that the statute imposes an absolute ban against suing a corporation more than two years following its dissolution. Thus, if the note here sued on had been executed subsequent to the dissolution of Builders Investment Company, a possibility which defendant has not negated, the corporation might be held liable as a *de facto* corporation or by estoppel. *Cf. Hall* v. *Kimsey*, 48 Ga. App. 605, 173 S.E. 437.

Apart from that consideration, however, we do not think the fact that Builders Investment Company had been dissolved impairs plaintiff's title. Plaintiff is conceded to be a *bona fide* purchaser of property sold at a judicial sale pursuant to the proceedings in the creditor's suit. If the court in that suit had jurisdiction, then plaintiff's title is good, regardless of errors which might have caused reversal upon a direct review.

The defendant contends, in effect, that the prior dissolution of a corporate party is a jurisdictional defect which renders a judgment susceptible to collateral attack. As the plaintiff points out, however, where the rights of innocent third persons have attached a judgment cannot be attacked even for alleged jurisdictional defects if those defects do not appear on the face of the record. Thus, in cases where a defendant has not been served with process, the court has no jurisdiction to enter a judgment against him. If no rights of third parties have intervened, the defendant may have the judgment set aside even if the record shows affirmatively that he was served or that he appeared. (*Cassidy* v. *Automatic Time Stamp Co.* 185 Ill. 431; *Kochman* v. *O'Neill,* 202 Ill. 110; *Hilt* v. *Heimberger,* 235 Ill. 235; *Owens* v. *Ramstead,* 22 Ill. 161.) But where a stranger has relied on a judgment apparently valid, it has been held that the defendant is not permitted to impeach that judgment by extrinsic evidence. *Rivard* v. *Gardner,* 39 Ill. 125; *Espadron* v. *Davis,* 380 Ill. 199; *Lancaster* v. *Snow,* 184 Ill. 534.

The situation here is well within the principle upon which those cases were decided. The record in the creditor's suit gave no intimation that the corporation had not been properly made a party defendant, and if titles obtained through judicial sales are to be merchantable we think that a *bona fide* purchaser cannot be required to investigate as to whether a corporate defendant had in fact been dissolved prior to the action.

Defendant also objects to the decree in the creditor's suit on the ground that the Livestock National Bank, at that time the trustee and the holder of legal title to the property, was not a party to the proceeding. According to defendant's answer and to the stipulation made below, the Stockyards Trust and Savings Bank, the original trustee, in 1933 "changed its corporate name" to the Stockyards Bank and Trust Company, and the latter "changed its

name" to the Livestock National Bank of Chicago. Defendant does not deny that E. E. Crawford, on whom service was made, was an agent of the Livestock National Bank, nor does he allege that the Livestock National Bank received no notice of the suit. Under these circumstances we think that the fact that summons was directed to the Stockyards Trust and Savings Bank amounted only to a misnomer which cannot be taken advantage of in the present proceeding.

It is of course true that a person who is not served need not appear in an action. But where a summons is served upon him personally, and the circumstances are such as to indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name. *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72; *Pond* v. *Ennis,* 69 Ill. 341; *cf. Proctor* v. *Wells Bros. Co.* 262 Ill. 77, 81.

We conclude, therefore, that plaintiff proved a chain of title back to the trustee. Since the parties stipulated that the trustee had a good title, plaintiff was not required to go further.

The interest of defendant which plaintiff seeks to have removed derives from a Federal tax lien. It appears from the stipulation and the record that on October 14, 1933, a deficiency was assessed against Builders Investment Company for income taxes due for the year 1928. The Federal government filed a notice of tax lien in Cook County on April 17, 1934. On October 13, 1939, the United States brought an action in the United States District Court against the Builders Investment Company to recover the unpaid taxes. The defendant defaulted and judgment was entered against it. Subsequently, on February 16, 1944, an amended complaint was filed asking that the trust under which the Livestock Bank held the property be dissolved, and that the bank be decreed to hold the property in trust

for the United States. On March 1, 1944, subsequent to the date of the sale of the property in the creditor's suit, the district court dissolved the trust and ordered that the bank deliver a quitclaim deed to the United States. Plaintiff's predecessor, Zipperman, sought unsuccessfully to intervene in the Federal action. In 1948 the United States conveyed its interest to the defendant.

The plaintiff charges that the defendant has no valid title because the proceedings in the district court were void for lack of jurisdiction, and that this lack of jurisdiction was apparent on the face of the record. The first basis for this contention is that the government's complaint discloses that the return on which the tax deficiency was assessed was filed on March 15, 1929, and that the deficiency was assessed on October 14, 1933. Plaintiff asserts that the Federal statutes then applicable required the assessment to be made within two years from the date when the return was filed, and required collection by court proceedings to be made within six years after an assessment made within the applicable period of limitation. (Act of May 29, 1928, c. 852, § 275, 276; 45 Stat. 856, 857.) Plaintiff also points out that the government's complaint alleged that Builders Investment Company had been dissolved in 1935, and that the Federal statute regulating action to foreclose tax·liens requires all persons claiming any interest in the property to be made parties. 26 U.S.C. 3678(b).

In our view, however, it is unnecessary to consider the legal effect of the tax lien and the foreclosure proceedings, for the reason that the defendant here has limited himself to attacking plaintiff's title and does not seek to defend the validity of his own claim.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*