UPTOWN FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee—(JOHN SKACH *et al.,* Respondents-Appellees,) *v.* ROGER J. WALSH *et al.,* Defendants—(JACK WALSH *et al.,* Defendants-Appellants.)

(No. 57527;

First District (2nd Division)—October 23, 1973.

Richard B. Harty, of McGrath & Harty, of Wheaton, for appellants.

Concannon, Dillon, Snook & Morton and Clarence K. Graves, both of Chicago, (John B. Dillon, of counsel,) for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Uptown Federal Savings and Loan Association (hereinafter Uptown) brought an action, in the circuit court of Cook County, to foreclose a mortgage on certain property in Lombard, Du Page County, Illinois, naming appellants Jack Walsh and Patricia Walsh (hereinafter appellants), among others, as parties defendant. The action resulted in a decree of foreclosure and sale and John Skach and George Javaras (hereinafter purchaser) subsequently purchased the premises at a sheriff's sale. Nearly one year later appellants filed a petition to vacate the decree of foreclosure and sale, alleging that they had not been personally served with summons in the foreclosure suit and prayed that the decree of foreclosure and sale be declared void for lack of jurisdiction. After a hearing, the trial court dismissed appellants' petition to vacate the decree and they now appeal from that ruling.

The facts giving rise to this appeal can be more easily comprehended when noted in the chronological order of their occurrence.

June 25, 1970  Uptown, as mortgagee, initiated proceedings to foreclose the mortgage on the subject property against Roger J. Walsh and Adeline Walsh, as mortgagors, and against appellants, among others, as parties with an interest in the premises subordinate to that of Uptown.

July 16, 1970  The duplicate original summons returned by the deputy sheriff of Du Page County was filed with the clerk of the circuit court of Cook County, showing, *inter alia,* personal service of summons on (appellants) Jack Walsh (a brother of Roger J. Walsh) on July 1, 1970, and substituted service of summons on Patricia Walsh on July 1, 1970 by leaving a copy with her husband Jack Walsh and by mailing a copy to the wife at her usual place of abode on July 7, 1970.

July 17, 1970  An amended complaint to the mortgage foreclosure action filed.

Oct. 26, 1970  Second amended complaint to mortgage foreclosure action filed.

Jan. 12, 1971  Order entered wherein the trial court found that due notice of the pending suit had been given to six named defendants [1] and unknown owners by publication, and that

---

[1] The record indicates as of June 6, 1964, Roger and Adeline Walsh, as mortgagors of the subject property, were indebted to Uptown in the amount of $15,200.00; that as of November 4, 1965, the American National Bank and Trust Co. of Chicago, as trustee under trust agreement dated November 4, 1965 and known as trust no. 22485, became registered owner of the premises. Appearances were filed on behalf of Roger Walsh, Adeline Walsh and American National, as trustee, none of whom are involved in this appeal.

the remaining named defendants, including appellants, had been personally served with summons. The court further found that all the defendants, save one, had failed to file an answer or otherwise make an appearance, decreed that each such defendant was in default, and that the second amended complaint be taken as confessed.

On the same date the court entered a decree of foreclosure and sale wherein it found that each defendant had been either personally served or served by publication. The decree further provided that the sheriff of Cook County sell the subject premises at a public auction to the highest bidder unless the amount found due was paid to Uptown within ten days from the date of entry of the decree. The decree then gave defendants, and all those claiming under them, 12 months after the date of service upon the defendants (Nov. 5, 1970) to redeem the premises, barring any attempt to exercise that right thereafter. In the event the premises remained unredeemed, the decree directed the sheriff to execute and deliver a deed of conveyance of the premises to the holder of the certificate of sale upon production of that document.

Jan. 14, 21, 28, 1971    Notice of the sheriff's sale of the subject premises published in the Chicago Daily Law Bulletin.

Jan. 20, 27, Feb. 3, 1971    Notice of the sheriff's sale of the subject premises published in the Du Page County Times.

Feb. 9, 1971    Sheriff of Cook County sold the premises to purchaser at a public auction for the amount of $21,700.36.

Feb. 17, 1971    Certificates of publication of the notices of the sheriff's sale filed with the clerk of the court. The sheriff of Cook County also filed his report of sale and distribution which noted, *inter alia*, that the sheriff had executed and delivered a certificate of sale to the purchaser which he subsequently recorded. The court then entered an order approving the sheriff's report of sale.

Nov. 8, 1971    No redemption having been made, the sheriff of Cook County executed and delivered a sheriff's deed to purchaser, which was recorded in the office of the recorder of deeds of Du Page County.

Jan. 11, 1972    Appellants filed a petition to vacate the decree of foreclosure and order of sale alleging that they had been occupying the premises as a residence and domicile for

eight years, that the market value of the premises was approximately $100,000, that they were not personally served with summons and that no personal service of process could have been made upon them since they were under 24-hour protective custody from January, 1970 until March, 1971. Therefore, they were without notice of the pending action.

On February 11, 1972, the purchaser filed a motion to dismiss the motion to vacate and, after a hearing, the court ordered appellants' petition stricken but granted appellants leave to file an amended petition and set a date for a hearing on the validity of service of process. Following the hearing on the validity of service, the court entered an order finding that appellants were duly served with summons by personal service on Jack Walsh and substituted service on Patricia Walsh. The order dismissed appellants' petition to vacate the decree of foreclosure and order of sale, denied their request to file an amended petition and directed the Du Page County sheriff to execute the writ of assistance previously served upon appellants; they have prosecuted this appeal from that order.

The question presented in this appeal is whether the trial court's jurisdiction over the parties to the original proceeding can be questioned after the court has entered its decree and the rights of a third party have intervened.

■■■ Appellants contend that a sheriff's return of process is only *prima facie* proof of service which can be attacked by a verified petition alleging the facts as to nonservice supported by clear and convincing evidence. By means of their verified petition, and the evidence presented at the hearing on the validity of service, appellants maintain that they have demonstrated the physical impossibility of personal service on Jack Walsh on July 1, 1970 and have thereby borne their burden of proof on the matter. They urge that the finding of proper service is thus contrary to the manifest weight of the evidence. Appellants cite a number of cases to support their position, but none of the cases cited involved the rights of a third party who acquired his interest in reliance on prior court proceeding.

The rule in Illinois is well settled that

"[W]here the rights of *innocent third persons* have attached a judgment cannot be attacked even for alleged jurisdictional defects if those defects do not appear on the face of the record. Thus, in cases where a defendant has not been served with process, the court has no jurisdiction to enter a judgment against him. If no rights of third parties have intervened, the defendant may have the judgment set aside even if the record shows affirma-

tively that he was served or that he appeared. [Citations.] But *where a stranger has relied on a judgment apparently valid,* it has been held that the defendant is not permitted to impeach that judgment by extrinsic evidence." *Janove v. Bacon* (1955), 6 Ill. 2d 245, 249, 128 N.E.2d 706. (Emphasis supplied.)

The rule is founded in public policy, as that policy was enunciated by our supreme court in its opinion in *Rivard v. Gardner* (1866), 39 Ill. 125, 129-30, where the court first adopted the rule, to wit:

"The public should be permitted to purchase property sold under the judgment or decree of a court, without the apprehension that at some distant day their title may be divested by parol testimony that the return of the officer, upon which such judgment was rendered was falsely made. * * * [W]e are satisfied there is less evil in the very few instances where property may be lost through a false return, in leaving the injured party to his action against the officer, than there would be in unsettling public faith in judicial records, destroying titles acquired under the sanctity of judicial proceedings, and offering a most dangerous temptation to perjury in our courts."

The well established nature of this rule of law is evidenced by its codification as subparagraph 5 of section 72 of our Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110, par. 72(5).

■■ Since adopting the rule in the *Rivard* case, the Illinois Supreme Court has, in subsequent opinions, reiterated certain conditions that must be complied with before a third party's rights will prevent a collateral attack on a decree rendered in the original proceedings. There must be no jurisdictional error apparent on the face of the record (*Janove v. Bacon* (1955), 6 Ill.2d 245, 249, 128 N.E.2d 706; *Greenwald v. McCarthy* (1948), 402 Ill. 135, 140-41, 83 N.E.2d 491; *Espadron v. Davis* (1942), 380 Ill. 199, 201, 43 N.E.2d 962.) The third party must acquire his rights in good faith reliance on the validity of the prior decree (*Janove v. Bacon, supra; Greenwald v. McCarthy, supra; Espadron v. Davis, supra*).

■■■ The record clearly indicates that the purchaser has complied with each of the conditions precedent. Appellants' motion to vacate the decree of foreclosure and sale is a collateral proceeding since it was filed more than 30 days after the entry of the decree (*Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858), and since the purchaser here was not a party to the original proceedings (*Lake v. Tomes* (1950), 405 Ill. 295, 90 N.E.2d 774).

In its order entered on January 12, 1971, its decree of foreclosure and order of sale entered on the same date, and its order entered after the subsequent hearing as to the validity of service of process, the trial court

specifically found proper service of process on appellants. Thus, there is no jurisdictional defect apparent on the face of the record [2] and, since the purchaser was not a party to the original proceeding, there is nothing in the record to suggest or establish the purchaser had notice of any alleged jurisdictional defect.

■■ The motion to vacate the decree filed by appellants contained no allegation of fraud, mistake or violation of duty by the officer conducting the sale. However, appellants attack the purchaser's protected status by contending that the price paid for the premises ($21,700.36) is only a fraction of what they now urge is the market value of the premises ($100,000). The only evidence in the record that bears any remote relationship to a determination of the market value of the premises is the court's order entered on March 14, 1972 directing appellants to pay the sum of $850.00 per month for their use and occupancy of the premises during the time for appeal. Clearly, this does not substitute for a finding of the market value of the premises for purposes of overturning the sale to the good faith purchaser. Consequently, this court must rely on the firmly established rule that, unless there is evidence of fraud, mistake, or violation of duty by the officer conducting the sale, mere inadequacy of price alone is not sufficient cause for setting aside a judicial sale (*Horney v. Hayes* (1957), 11 Ill.2d 178, 142 N.E.2d 94; *People v. Anderson* (1942), 380 Ill. 158, 43 N.E.2d 997; *Chicago Title and Trust Co. v. Robin* (1935), 361 Ill. 261, 198 N.E. 4).

In *Chicago Title & Trust Co. v. Robin,* the appellee asserted in his petition objecting to the confirmation of a judicial sale that the subject property had a fair value of not less than $16,000. The bid taken at the sale was $5,000. Pursuant to appellee's petition, the sale was disaffirmed and, in reversing that decree of the circuit court and the judgment of the appellate court affirming it, the supreme court stated:

> "Public policy and the interests of debtors require that stability be given to judicial sales, and they should not be disturbed unless there had been some fraud, mistake or violation of duty by the officer making the sale or by the purchaser, none of which is shown here. Mere inadequacy of price alone, is not cause for setting aside a judicial sale." 361 Ill. at 273.

In *People v. Anderson,* an appeal from a decree of the circuit court approving and confirming the sale of certain real estate for delinquent and forfeited general taxes and special assessments, appellants contended

---

[2] Since the premises are located in Du Page County, appellants could have sought to transfer the action from Cook County to a proper venue, *i.e.,* Du Page County, but the failure to do so operates as a waiver of the objection (Ill. Rev. Stat. 1973, ch. 110, par. 8(2)).

that the sale price was so grossly inadequate as to be fraudulent. While two real estate experts testified that the market value of the lots was approximately $15 per front foot, the lots were sold for a price at $10 to $40 per lot, a small fraction of their true value. The supreme court responded to this contention by stating:

> "Mere inadequacy of price is no reason for upsetting a judicial sale unless there are other irregularities. * * * The rule is firmly established that the chancellor possesses a broad discretion in approving or disapproving a report of sale, and that his decision will not be disturbed unless there is a clear abuse of discretion. (*Ryerson v. Apland,* 378 Ill. 472.) The requirements of the statute as to publication having been met in this instance, there being no evidence in the record of any fraud in conducting the sale herein or of any other irregularity in the sale, and the defendants having produced no evidence as to what price might be bid should a second sale be held or that any greater proceeds would be realized at such sale, it cannot be said that the chancellor abused his discretion in approving the sale herein." 380 Ill. at 162-63.

In *Horney v. Hayes,* appellant assigned his certificate of beneficial interest in a land trust to appellee as security for a loan. When the loan remained unpaid at maturity, appellee, pursuant to the loan agreement, sold the certificate to a third party for $3,500. In a suit to set the sale aside, the master found that the property in the trust had a net value of $17,785 and the court decreed that the loan was usurious but dismissed the suit insofar as it sought to set aside the sale. On appeal, appellant maintained that the inadequate price constituted a showing of fraud sufficient to overturn the sale. The supreme court responded:

> "We cannot say that under the circumstances of this case the inadequacy of price in itself is sufficient to compel a finding of fraud. It has long been recognized that property does not bring its full value at forced sales, and that price depends on many circumstances from which the debtor must expect to suffer a loss." 11 Ill.2d at 184-85.

The sheriff's sale authorized by the decree was held more than 11 months before appellants filed their petition to vacate the decree. Having purchased the premises for the sum of $21,700.36 at that sale, we must conclude that purchaser paid value for the premises.

Although the trial court entered an order approving the sheriff's report of sale, appellants attempt before this court to suggest an element of collusion in yet another effort to strip the purchaser of the protected status discussed in this opinion. Appellants did not raise the alleged

collusion issue in their original motion to vacate the decree. The argument made in this court makes out a nebulous case of collusion at best, and appeals to the equitable powers of this court to affirm their position. Balancing these factors against the oft-stated position of the supreme court that, as a matter of public policy, stability should be given to judicial sales, it is our conclusion that the order of the circuit court dismissing the petition to vacate and denying leave to file an amended complaint should be affirmed.

■■ Appellants suggest the evidence heard by the trial court, on the petition to vacate the decree of foreclosure, does not support the findings by the trial court that Jack Walsh was personally served with summons and that his wife Patricia was served by leaving copy with Jack Walsh. In our opinion, a hearing was unnecessary as the petition to vacate did not allege fraud, mistake or violation of duty of the officer conducting the sale; therefore, there was no legal basis upon which such a hearing was required.

For these reasons, the judgment of the circuit court of Cook County will be affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.