## 52916. ARP v. HILL.

DEEN, Presiding Judge.

Hill filed an action in the Superior Court of Clayton County alleging that the "defendant herein named is Sandy Arp who resides at 1059 Marie Street, Forest Park,

Clayton County." The petition was served on a Sandy Arp residing at the location stated. Thereafter the plaintiff amended her complaint alleging that the intended defendant Sandy Arp was not the person served but another Sandy Arp resident of Clayton County whose address was being concealed, and praying for an order authorizing proper service upon the intended Sandy Arp. Thereafter, the court issued an order that the intended Arp be served by plaintiff's attorney, and he thereafter personally handed her a copy of the complaint at the Atlanta Airport. This Sandy Arp, hereinafter designated the appellant, moved to dismiss the complaint for various reasons, including among others lack of jurisdiction of her person in that she was not and never had been a resident of Clayton County, and that the summons and process were not signed by the clerk of court and therefore there was no valid service upon her.

Before the appellant's motion to dismiss was heard the plaintiff herself voluntarily dismissed her action and paid the court costs. The appellant apparently contended for a hearing on her motion to dismiss already filed, and the court then entered an order to the effect that the plaintiff had already dismissed the case, there was no counterclaim and no case pending in the court, and the appellant's motion to dismiss was denied as moot. The appeal is from this judgment. *Held:*

1. The plaintiff had a right to dismiss the complaint upon payment of costs, which was done. The judgment appealed from is without error, as there was nothing left upon which the appellant's motion to dismiss might operate.

2. It is obvious from the sequence of events set out here that the appellant did not waive her procedural defenses to the libel suit, including the alleged invalidity of process and service and lack of jurisdiction of the person. As to the former, see *Kimsey v. Hall,* 68 Ga. App. 409, 411 (23 SE2d 196). The appellee's voluntary dismissal foreclosed consideration of these matters, and the question of whether or not the original complaint was a nullity insofar as this appellant is concerned is not properly before us for decision.

*Judgment affirmed. Webb and Smith, JJ., concur.*

ARGUED OCTOBER 5, 1976 — DECIDED OCTOBER 22, 1976.

*Troutman, Sanders, Lockerman & Ashmore, Dean Booth, J. Stanley Hawkins, J. Dianne Brinson,* for appellant.

*Paul R. Koehler,* for appellee.