John ALVAREZ, et al., Plaintiffs,

v.

CITY OF CHICAGO, et al., Defendants.

No. 85 C 9366.

United States District Court,
N.D. Illinois, E.D.

Dec. 9, 1986.

---

**44**

David C. Thomas, Chicago Kent Legal Clinic, Chicago, Ill., for plaintiffs.

Judson H. Miner, Acting Corp. Counsel, City of Chicago by Ira M. Kleinmuntz, Diana J. Larsen, Asst. Corp. Counsel, Robert W. Fioretti, Asst. Corp. Counsel, Sr. Atty. Supervisor, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Defendants City of Chicago and Rice move to dismiss plaintiffs' Count I request for a preliminary and permanent injunction pursuant to Federal Rule 12(b)(6). Plaintiffs bring this action against multiple defendants including the City of Chicago and Fred Rice. Plaintiffs allege that defendants deprived plaintiffs of various constitutional rights. Plaintiffs seek a preliminary and permanent injunction to prevent future harm to plaintiffs and all hearing impaired citizens. For the reasons stated below, defendants' motion to dismiss is granted.

### I. FACTS

Plaintiffs are hearing impaired citizens. Plaintiffs encountered several police officers on two separate occasions. During these encounters, plaintiffs were physically beaten, falsely arrested and imprisoned. Plaintiffs claim their constitutional rights were violated due to the Police Department of the City of Chicago's failure to adopt and implement certain policies, programs and procedures. These policies would be designed to train police officers to address the special problems presented by police encounters with the hearing impaired.

### II. DISCUSSION

█ A district court's jurisdiction is limited by Article III of the Constitution to those complaints that allege an actual "case or controversy." *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1664, 75 L.Ed.2d 675 (1982). A plaintiff must be able to demonstrate a personal stake in the outcome. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). A plaintiff must show that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct." *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1982). In addition, the injury must be real and immediate.

█ A plaintiff may seek injunctive relief only if he can demonstrate future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38 L.Ed.2d 674 (1974). A past injury must be accompanied with continuing adverse effects. *Id.*

In the instant case, plaintiffs seek a preliminary and permanent injunction to prevent future harm to plaintiffs and all hearing impaired citizens. In response, defendants argue that plaintiffs' claim must be dismissed because it does not set forth a case or controversy. In particular, defendants contend that plaintiffs are not subject to future injury.

Plaintiffs contest defendants' contention. Plaintiffs believe they will encounter future harm. Plaintiffs allege they were physically abused by the police as a result

of plaintiffs' hearing impairments. Next, plaintiffs suggest that future encounters with police officers are inevitable because their physical handicaps subject them to a "continuing condition." Consequently, plaintiffs maintain there is a reasonable likelihood that plaintiffs will be physically abused in the future.

The threshold question before this court is whether plaintiffs claim for injunctive relief sets forth a case or controversy. The existence of a case or controversy depends on whether plaintiffs are likely to suffer future injury from a Chicago policeman's use of excessive force, false arrest, false imprisonment or malicious prosecution.

The United States Supreme Court was confronted by a similar issue in *Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1982). In *Lyons*, Lyons was stopped by the police for a traffic violation. The police officers subjected Lyons to a chokehold without provocation that rendered Lyons unconscious. Lyons brought suit seeking compensatory damages and injunctive relief. In his complaint, Lyons alleged that the City had a policy of applying chokeholds in situations that pose no significant danger to police officers.

The *Lyons* court held that Lyons failed to demonstrate a case or controversy that would justify the injunctive relief sought. *Id.* at 105, 103 S.Ct. at 1666. The Court reasoned that Lyons' standing to seek injunctive relief depended on whether Lyons was likely to have suffered future injury from the use of the chokeholds by police officers. The *Lyons* court reasoned that Lyons could not establish a real and immediate threat that Lyons would again be stopped for a traffic violation, or for any other offense, by an officer who would illegally choke Lyons into unconsciousness. In addition, the Court found insufficient Lyons' additional allegation in the complaint that the police routinely applied chokeholds in situations where they are not threatened by use of deadly force.

The Supreme Court ruled that Lyons was required to have made two additional allegations to establish an actual controversy. First, Lyons needed to argue that he could have had another encounter with the police. Second, Lyons was required to have asserted either (1) "that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter," ... or (2) "that the City ordered or authorized police officers to act in such manner." *Id.* at 106, 103 S.Ct. at 1667. The Supreme Court held that Lyons failed to satisfy these two requirements.

■ This court believes the facts in *Lyons* are substantially similar to the facts in the instant case. For example, plaintiffs were physically injured and deprived of their constitutional rights without justification in both *Lyons* and the instant case. In addition, no plaintiff was injured more than once in either lawsuit. Next, no plaintiff alleges that anyone is presently encountering police officers who are depriving anyone of their constitutional rights. Ultimately, plaintiffs in both cases sought injunctive relief. Because of the factual similarity, this court feels compelled to adopt the rationale enunciated in *Lyons* and bound to follow the Supreme Court's holding.

This court holds that Count I of plaintiffs' complaint does not present an actual case or controversy. Plaintiff failed to properly allege that they were likely to suffer future injury. The court finds uncompelling plaintiffs' claim that their hearing impairment is a "continuing condition" that will result in continued future injury. Plaintiffs' focus is misdirected. Instead, plaintiffs should have focused on the likelihood that the police officers' unconstitutional conduct is a "continuing condition." The complaint sets forth only two incidents of police misconduct in approximately six years. Moreover, no plaintiff has had his constitutional rights deprived more than once. Plaintiffs' assertion that they will again be beaten and deprived of their constitutional rights is mere speculation. The threat of future injury to plaintiffs is not sufficiently real and immediate to show an existing controversy. Plaintiffs merely anticipate that the police will deprive plain-

tiffs of their constitutional rights in the future.

Plaintiffs do not satisfy the requirements set forth in *Lyons.* Plaintiffs do not allege that all police officers always deprive the rights from any citizen with whom they happen to encounter. Next, plaintiffs do not allege the City ordered or authorized police officers to violate the constitutional rights of handicapped citizens. Instead, plaintiffs alleged that the City was cognizant of the special problems presented by police encounters with the hearing impaired and failed to implement certain policies, procedures and programs. Although plaintiffs believe these new policies should be instituted, plaintiffs failed to indicate why plaintiffs might be realistically threatened by police officers who act in accordance with the existing rules and regulations adopted by the City.

This court accepts plaintiffs' allegations that they suffered physical injuries. In addition, it is clear that plaintiffs' injuries gave plaintiffs standing to seek compensatory damages. However, this court believes plaintiffs' claim for prospective relief fails to allege a case or controversy because a present injunction would do nothing to alleviate plaintiffs' past injuries.

The doctrine that a claim does not become moot where it is capable of repetition, yet evades review, is inappropriate. Plaintiffs' claim that they were deprived of their constitutional rights survives to be litigated in their separate counts for compensatory damages. In no sense does their compensatory damages claim evade review. Finally, the capable-of-repetition doctrine applies only in exceptional situations, and generally only when the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality. *Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1982). As this court has indicated, plaintiffs' allegations do not establish an exceptional situation.

### III. CONCLUSION

This court grants the motion of defendants Rice and City of Chicago to dismiss Count I of the First Amended Complaint. Plaintiffs' Count I claim for injunctive relief does not set forth a case or controversy.

IT IS SO ORDERED.