**Decarol HARDIN, Individually and as a class representative, Plaintiff,**

**v.**

**Helen S. HARSHBARGER, in her capacity as the Clerk of the Circuit Court of Will County, Illinois, Jack Weber, in his capacity as the Treasurer of Will County, The County of Will, Aurelia Pucinski, in her capacity as the Clerk of the Circuit Court of Cook County, Illinois, Edward Rosewell, in his capacity as the Treasurer of Cook County, The County of Cook, Joel Kagann, in his capacity as the Clerk of the Circuit Court of DuPage County, Illinois, John Novak, in his capacity as the Treasurer of DuPage County, and The County of DuPage, Defendants.**

**No. 92 C 3000.**

United States District Court, N.D. Illinois, E.D.

Jan. 14, 1993.

Susan D. Lyons, Andreano & Lyons, Ltd., Franklin Patrick Andreano, Illinois Appellate Court, Joliet, IL, for plaintiff.

Stuart David Gordon, Moss & Bloomberg, Ltd., Bolingbrook, IL, Terry L. McDonald, Jeremy C. Schwartz, Connie R. Barba, argued, Cook County State's Attorney's Office, Kathleen Kreisel Flahaven, Illinois Atty. General's Office, Chicago, IL, Thomas F. Downing, DuPage County State's Attorney's Office, Wheaton, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Decarol Hardin brings this action pursuant to 28 U.S.C. § 2201, seeking a declaration that the present and future Illinois state practice of charging a filing fee for the initiation of protection orders is in violation of her rights, privileges and immunities as secured under the United States Constitution. Additionally, Hardin seeks compensatory and exemplary damages, attorney's fees and costs. Presently before the court is Hardin's motion for class certification. Further, in five separate motions, defendants Joel Kagann (Circuit Court Clerk of DuPage County), John Novak (Treasurer of DuPage County), DuPage County, Aurelia Pucinski (Circuit Court Clerk of Cook County), Edward Rosewell (Treasurer of Cook County), Cook County, Helen Harshbarger (Circuit Court Clerk of Will County), Jack Weber (Treasurer of Will County), and Will County have moved to dismiss Hardin's complaint for failure to state a claim upon which relief may be granted.[1] For the reasons set forth below, we deny Hardin's motion for class certification and grant the motions to dismiss filed on behalf of the Cook and DuPage County defendants. The Will County defendants are entitled to a judgment on the merits.

### 1. Background

Decarol Hardin is a victim of an insidious crime afflicting women in our society in alarming proportion. She is a victim of domestic violence. On March 30, 1992, Hardin was repeatedly stabbed in the chest, neck and legs by her husband, Ernest Hardin. Following the incident, Ernest was arrested and charged with armed violence in Will County. Hardin was hospitalized, treated for multiple stab wounds and released on Friday, April 3, 1992. On Monday, April 6, 1992, Hardin went to the office of the Will County Circuit Clerk to obtain an emergency order of protection available pursuant to Ill. Rev.Stat. ch. 40, ¶ 2312–2. At the time, Ill. Rev.Stat. ch. 25, ¶ 27.1a required a person seeking an emergency protection order to pay a filing fee of $170 in cash. Hardin did not have $170 in cash and, as she did not meet the prerequisites for filing in forma pauperis, she was forced to leave the Clerk's office without an order of protection. Subsequently, Hardin returned home, obtained the $170 in cash and paid the Clerk the mandatory fee. Hardin obtained her emergency order of protection that day. Hardin brings this action to contest the charging of a filing fee for persons seeking orders of protection in Will, DuPage and Cook Counties. She seeks to represent a class including

> all persons in Will, DuPage, or Cook Counties, Illinois, who have sought an order of protection under the Illinois Domestic Violence Act and who have been required, or who were requested to pay, a filing fee for

---

1. For simplicity's sake, we collectively refer to Kagann, Novak and DuPage County as the "DuPage County defendants." Likewise, Pucinski, Rosewell and Cook County shall be designated the "Cook County defendants." Finally, we will refer to Harshbarger, Weber and Will County as the "Will County defendants."

the initiation of a protective order; including those unknown individuals who were denied a protective order because they lacked sufficient funds to pay the mandatory filing fee.

This case, however, does not represent the first public challenge to the practice of charging a filing fee for persons seeking a protection order. Indeed, Hardin has filed nearly an identical complaint against the Will County defendants in the Circuit Court of Will County, captioned *Hardin v. Harshbarger*, 92 MR 4929. On May 22, 1992, Chief Judge Edward E. Masters entered an order enjoining the Clerk of the Circuit Court from collecting fees for those seeking protection orders under the Illinois Domestic Violence Act. Judge Masters subsequently issued a permanent administrative order (No. 92–29), which provides that the Clerk of the Circuit Court "shall not require the payment of a filing fee for Emergency Orders of Protection." Given the administrative order, and upon agreement by the parties, Judge Masters dismissed Hardin's complaint on May 28, 1992. Additionally, the issue of filing fees for orders of protection has recently been the subject of the Illinois General Assembly. On September 24, 1992, Governor Edgar signed into law S.B. 400, which eliminates the filing fee requirement statewide.

## II. Class Certification

Rule 23 of the Federal Rules of Civil Procedure establishes a two-step procedure to determine if a class action is appropriate. The court must first inquire into whether the class meets the four preliminary requirements of Rule 23(a):

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action that satisfies all four of the Rule 23(a) requirements must also qualify under one of the three subsections of Rule 23(b). In the instant case, Hardin seeks certification of the class under Rule 23(b)(2), which provides that a class

action is proper if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." In the alternative, Hardin requests certification under Rule 23(b)(3), which provides that a class action is proper if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

In evaluating the motion for class certification, the allegations made in support of certification are taken as true, and we do not examine the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Spencer v. Central States, Southeast and Southwest Areas Pension Fund*, 778 F.Supp. 985, 989 (N.D.Ill.1991); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986). The burden of showing that the requirements for class certification have been met rests with the plaintiff. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984); *Riordan*, 113 F.R.D. at 62.

In the instant case, we begin and end our inquiry with subsections (a)(3) and (a)(4) of Rule 23, which provides that a district court may only certify a class if the claims or defenses of the representative party are typical of the claims or defenses of the class, and the representative party will fairly and adequately protect the interests of the class. Drawing from these two subsections, courts consistently hold that a class action may not be certified unless the named plaintiff has standing to seek the relief requested. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."); *see also*

*Robinson v. City of Chicago,* 868 F.2d 959, 968 (7th Cir.1989) (class action may not be certified unless the named plaintiff has standing), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 773 (1990); *Magnuson v. City of Hickory Hills,* 730 F.Supp. 1439, 1442 (N.D.Ill.1990), *aff'd,* 933 F.2d 562 (7th Cir.1991) (same). Because Hardin lacks standing (1) to seek injunctive relief, and (2) to represent those class members who sought an order of protection in DuPage and Cook Counties, we deny the motion for class certification.

■■■■ The requirement that a justiciable controversy exists applies to both actions requesting a declaratory judgment and those seeking equitable relief. *Magnuson,* 933 F.2d at 565 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1936)). To invoke Article III jurisdiction, a plaintiff seeking injunctive relief must show that there is some immediate danger of a direct injury. *Robinson,* 868 F.2d at 966 (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Past exposure to illegal conduct is insufficient to establish a present case or controversy regarding injunctive relief. A past injury must be accompanied with continuing adverse effects. *O'Shea,* 414 U.S. at 495–96, 94 S.Ct. at 675–76; *Magnuson,* 730 F.Supp. at 1442; *Alvarez v. City of Chicago,* 649 F.Supp. 43, 44 (N.D.Ill.1986). A party that cannot demonstrate that an injunction will accomplish some tangible good in her favor has no standing to seek such relief. *Mann v. Hendrian,* 871 F.2d 51, 52 (7th Cir.1989); *Magnuson,* 730 F.Supp. at 1442.

■■■■ Hardin lacks standing to seek injunctive relief because her claims are moot. At the time Hardin filed her complaint in this court, she had already obtained a permanent injunction prohibiting the Clerk of the Circuit Court of Will County from charging and collecting a filing fee for persons seeking an order of protection. To the extent that Hardin, a resident of Will County, may need an order of protection in the future, the permanent injunction ensures that she will be able to obtain such an order without posting the previously required filing fee. Further, legislation prohibiting the filing fee requirement statewide, passed by the Illinois General Assembly at the time of Hardin's complaint, was subsequently signed by the Governor into law on September 24, 1992. In the absence of a reasonable possibility that the putatively illegal conduct will be repeated, and because Hardin has not suffered continuing adverse effects from her past injury, Hardin lacks a legally cognizable interest in the outcome of the controversy to maintain standing to represent the class in its quest for injunctive relief.

■■■■ Likewise, Hardin lacks standing to represent those members of the class who sought protection orders in either DuPage or Cook Counties. In order to maintain a class action against the DuPage and Cook County defendants (*i.e.,* on behalf of those class members who sought protection orders in DuPage or Cook County), Hardin, as the named plaintiff, must demonstrate a case or controversy between herself and those defendants. *See Warth v. Seldin,* 422 U.S. 490, 498–500, 95 S.Ct. 2197, 2205–06, 45 L.Ed.2d 343 (1975); *O'Shea,* 414 U.S. at 494, 94 S.Ct. at 675. At most, Hardin has shown a denial of access to the Circuit Court of Will County. *See Boddie v. Connecticut,* 401 U.S. 371, 376, 91 S.Ct. 780, 785, 28 L.Ed.2d 113 (1971) ("due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard"). However, as a resident of Will County, Hardin could not obtain a protection order from a court in either DuPage or Cook Counties. Indeed, she has conceded "that there has been no showing that Plaintiff has or will suffer an injury at their [DuPage and Cook Counties] hands." Response to Defendants' Motions to Dismiss at 10. It may be that battered women, whether they reside in Cook, DuPage or Will Counties, are the type of claimants who, but for a class action law suit, would be unable to adjudicate their claims. However, because Hardin is not the appropriate party to represent those class members from DuPage and Cook Counties, we cannot certify the putative class. Moreover, this same conclusion re-

quires dismissal on behalf of the DuPage and Cook County defendants.

■■■■ We note that Hardin's complaint also requests compensatory and exemplary damages, and she likely possesses standing to bring such claims against the Will County defendants. It does not follow, however, that these claims guarantee that Hardin will vigorously protect the interests of the remaining class members, assuming this court were inclined to reshape the class to include, or allow a subclass consisting of:

> all persons in Will County, Illinois, who have sought an order of protection under the Illinois Domestic Violence Act and who have been required, or who were requested to pay, a filing fee for the initiation of a protective order; including those unknown individuals who were denied a protective order because they lacked sufficient funds to pay the mandatory filing fee.

Indeed, the Seventh Circuit has held that a class cannot be certified by a representative who lacks standing to bring a claim for injunctive relief, regardless of the existence of compensatory claims. *Robinson*, 868 F.2d at 968; *see also Magnuson*, 730 F.Supp. at 1443. Further, it is settled law that the presence of even an arguable defense against the named plaintiff that is not applicable to the proposed class, or in this case subclass, can vitiate the adequacy of named plaintiff's representation. *See J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*, 628 F.2d 994, 998–999 (7th Cir.1980); *Wagner v. Lehman Bros. Kuhn Loeb Inc.*, 646 F.Supp. 643, 660 (N.D.Ill.1986); *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 787 (N.D.Ill. 1984). "The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to [her] so that the representation of the rest of the class [who may be bound be a class action judgment] will suffer." *J.H. Cohn*, 628 F.2d at 999. The gravamen of the Will County defendants' motions to dismiss is that the doctrine of res judicata precludes any recovery by Hardin. Despite the fact that this

motion is presently fully briefed and will be addressed below, we believe that the existence of this colorable defense poses representation problems sufficient to deny certification of the above subclass. Specifically, in the event that this court rule in favor of the Will County defendants, Hardin would retain no incentive to proceed to litigate the merits of the claims on behalf of the remaining class members.

In sum, because Hardin does not have claims typical of the putative class as a whole, and because she is subject to an unique defense which may vitiate the adequacy of her representation, we deny the motion for class certification.

### III. Substantive Defenses

As discussed above, Hardin's lack of standing to contest the filing fee requirement as implemented in Cook and DuPage Counties warrants dismissal on behalf of the Cook and DuPage County defendants. Thus, we are left to consider Hardin's claims against Harshbarger, Weber and Will County, *i.e.*, the Will County defendants. In support of their respective motions to dismiss,[2] the Will County defendants contend that: (1) the present action is barred by the doctrines of res judicata and collateral estoppel; (2) a ministerial misrepresentation of state law does not give rise to a claim under 42 U.S.C. § 1983; (3) there is a lack of controversy sufficient to warrant relief; (4) they are not proper parties in interest; and (5) they are immune from damage claims under the Eleventh Amendment. Because we agree that Hardin's current action is barred under the doctrine of res judicata, we do not reach her other arguments.

■■■■ It is well established that a state court judgment must be given the same preclusive effect in federal court as it would be given in the courts of the rendering state. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Pirela*

---

**2.** Although labelled as motions to dismiss, the defenses set forth by the Will County defendants necessarily require consideration of matters outside the pleadings. Further, Hardin's response to the motions incorporates reference to the same outside material, rendering exclusion of the material inadequate. Consequently, we treat the motions as ones for summary judgment, disposing of them pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

*v. Village of N. Aurora*, 935 F.2d 909, 911 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 587, 116 L.Ed.2d 612 (1991); *Jones v. City of Alton*, 757 F.2d 878, 883 (7th Cir. 1985). This rule is applicable to actions brought under § 1983 respecting both issues actually litigated (issue preclusion), *Allen v. McCurry*, 449 U.S. 90, 97–98, 101 S.Ct. 411, 416–17, 66 L.Ed.2d 308 (1980), and issues which could have been raised in the earlier state-court proceeding but were not (claim preclusion). *Lee v. City of Peoria*, 685 F.2d 196, 198–99 (7th Cir.1982). To determine whether a subsequent claim is barred by the doctrine of res judicata, this court employs a two-pronged inquiry. First, we must ascertain whether "the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982); *Pirela*, 935 F.2d at 911; *Welch v. Johnson*, 907 F.2d 714, 719 (7th Cir.1990). If so, the court must determine whether the party against whom res judicata is asserted had a full and fair opportunity to pursue the claim in the prior state proceeding. *Kremer*, 456 U.S. at 481–82, 102 S.Ct. at 1897–98; *Pirela*, 935 F.2d at 911; *Welch*, 907 F.2d at 719. Hardin does not claim that she was denied a full and fair opportunity to litigate her claims in the prior state court action and, as such, we proceed to determine whether the Illinois courts would give the prior judgment preclusive effect against the current claims.

■ Under Illinois law the doctrine of res judicata (claim preclusion) provides that "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Simcox v. Simcox*, 131 Ill.2d 491, 497, 137 Ill.Dec. 664, 666, 546 N.E.2d 609, 611 (1989). Likewise, "the bar of res judicata extends not only to questions actually decided, but also to all grounds of recovery and defenses which might have been presented in the prior litigation between the parties." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1234 (7th Cir.1986) (citing *Lake v. Tomes*, 405 Ill. 295, 90 N.E.2d 774 (1950)); *see also LaSalle Nat'l*

*Bank v. County of DuPage*, 856 F.2d 925, 930–31 (7th Cir.1988) (interpreting Illinois law), *cert. denied*, 489 U.S. 1081, 109 S.Ct. 1536, 103 L.Ed.2d 840 (1989). The Will County defendants, as the parties asserting res judicata, bear "the burden of showing with clarity and certainty what was determined by the prior judgment." *LaSalle Nat'l Bank*, 856 F.2d at 930; *Jones*, 757 F.2d at 885.

■ In the instant case, Hardin contests only the requirement that the prior state court judgment be on the merits. Specifically, she claims that, notwithstanding Judge Master's temporary injunction order on May 22, 1992 and the permanent administrative order dated May 26, 1992, the judgment entered in the previous state court action (No. 92 MR 4929) was not made on the merits. We disagree. In entering a temporary injunction in favor of Hardin, Judge Masters determined that she was "likely to succeed on the merits." *See Chicago Health Clubs, Inc. v. Picur*, 124 Ill.2d 1, 7, 528 N.E.2d 978, 981 (1988) (circuit court determining the propriety of a temporary injunction must consider whether plaintiff is likely to succeed on the merits). While this determination in itself is not a final judgment on the merits, its culmination in the permanent administrative order is such a judgment. In granting permanent injunctive relief, Judge Masters relied heavily on battered women's need for immediate access to the court, a right guaranteed under the United States Constitution. *See Boddie*, 401 U.S. at 376, 91 S.Ct. at 785. To be sure, the order stated: "[I]t is essential that abused women and other victims have immediate access to the courts so as to secure their personal safety as well as the safety of their minor children." That Hardin obtained her relief via an administrative order does not undermine the fact that she received a judgment on the merits. In utilizing the administrative order, Judge Masters was able to accord prospective relief to future victims seeking orders of protection. However, the order is nonetheless tied to Hardin's case. Indeed, it specifically dissolves and supersedes the temporary injunction entered on May 22, 1992, in case No. 92 MR 4929. Further, that Hardin voluntarily

dismissed the remainder of her complaint (*i.e.*, abandoning her claim for damages under § 1983) after obtaining permanent injunctive relief does not prevent the application of res judicata. *See Baird & Warner, Inc. v. Addison Indus. Park, Inc.*, 70 Ill. App.3d 59, 63–64, 26 Ill.Dec. 1, 7, 387 N.E.2d 831, 837 (1st Dist.1979). As a virtual clone to the state court action adjudicated on the merits in Will County, the present cause is barred under the doctrine of res judicata, and we enter judgment on the merits in favor of the Will County defendants.

## IV. Conclusion

For the reasons set forth above, we deny Hardin's motion for class certification and grant the motions to dismiss filed on behalf of the Cook and DuPage County defendants. The Will County defendants are entitled to a judgment on the merits. It is so ordered.