Brenda **RANDLE** and Pamala Edwards, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**GC SERVICES, L.P.; DLS** Enterprises, Inc., and **GC Financial Corporation,** Defendants.

No. 97 C 8054.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 14, 1998.

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Ignacio Daniel Maramba, Edelman & Combs, Charley Hoon Lee, Edelman & Combs, Chicago, IL, for Plaintiffs.

George William Spellmire, David Matthew Schultz, John Matthew Foley, Hinshaw & Culbertson, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Plaintiffs Brenda Randle and Pamala Edwards have filed a single-count class action complaint against GC Services Limited Partnership ("GCS"), DLS Enterprises, Inc. ("DLS"), and GC Financial Corporation ("GC Financial") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiffs have moved for class certification. For the reasons set forth below, plaintiffs' motion is granted.

### *Facts*

When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case. *See Hardin v. Harshbarger,* 814 F.Supp. 703, 706 (N.D.Ill.1993). According to the amended complaint, plaintiffs are residents of Illinois. Defendant GCS is a Delaware limited partnership and a "debt collector" under the FDCPA. Defendants DLS and GC Financial are Delaware corporations and general partners of GCS.

Shortly after March 18, 1997, plaintiff Randle received a letter from defendants demanding payment for subscriptions to *Jet* and *Disney Adventures* magazines. Shortly after August 12, 1997, plaintiff Edwards received a substantially identical letter demanding payment for subscriptions to the periodicals *Nickelodeon* and *Animals.* The letters, copies of which were attached to the amended complaint as Exhibits A and B, state: "This is a demand made on behalf of Publishers Clearing House for payment on your delinquent balance.... If you do not pay promptly, Publishers Clearing House has informed us that your file will be referred to us or another collection agency which is properly authorized to undertake collection activity.... It is in your best interest to promptly mail your payment." Plaintiffs assert that the type of document represented by Exhibits A and B is a "precollection" letter which falsely suggests that a third party collection agency, GCS, has become involved in collecting the debt. Plaintiffs further assert that GCS has no information about the debt other than that reflected in the demand for payment. Plaintiffs state that defendants regularly used the form of notice represented by Exhibit A. Plaintiffs claim that defendants have violated the FDCPA by furnishing deceptive forms and/or by sending a form collection letter to consumers which contains false and misleading representations.

Plaintiffs assert this class action on behalf of a proposed class defined as all Illinois residents who:

(a) ... were sent a collection letter, (b) [i]n the form represented by Exhibits A–B, (c) [c]oncerning a debt which, from the records of the defendant or creditor or the nature of the debt, was a non-business debt (such as a bill for periodicals sent to a home), (d) [a]llegedly owed to Publishers

Clearing House, and (e) [t]he letter was sent on or after November 18, 1996, and (f) [t]he letter was not returned by the Postal Service.

### Discussion

■ Fed.R.Civ.P. 23, which governs class actions, requires a two-step analysis to determine whether class certification is appropriate. First, a plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir.1993). The failure to meet any one of these requirements precludes certification of a class. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Second, a plaintiff must satisfy one of the conditions of Rule 23(b). *See Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir.1977). Plaintiffs seek certification under Rule 23(b)(3), which requires that questions of law or fact common to class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Plaintiffs bear the burden of showing that the requirements for class certification have been met. *See Hardin*, 814 F.Supp. at 706. Each plaintiff must also establish that she has standing to bring this suit by showing that she is a member of each class that she purports to represent. *See East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

The parties do not dispute that plaintiffs have satisfied the numerosity, typicality, and commonality requirements of Rule 23(a), nor do they dispute that plaintiffs have satisfied the conditions of Rule 23(b). In addition, defendants do not question whether either plaintiff has standing to bring this suit. The only disputed requirement for class certification is whether the plaintiffs are adequate class representatives.

■ Under Rule 23, the class representative must "fairly and adequately protect the interests of the class." "The adequacy of representation requirement has three ele-ments: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the named representative must have a sufficient interest in the outcome to ensure vigorous advocacy; and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously." *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D.Ill.1995) (citations and internal quotations omitted). Defendants proffer a variety of reasons why co-plaintiffs Randle and Edwards are not adequate class representatives. None of defendants' arguments pertains to the three elements of the adequacy of representation requirement.

■ Defendants' central argument is that plaintiffs Randle and Edwards cannot adequately represent the class because they lack a fundamental understanding of the case. Defendants argue that plaintiffs had difficulty recalling certain dates and events in connection with the case. However, as long as a class representative's interests do not conflict with those of the proposed class, she need only have a marginal familiarity with the facts of her case and need not understand the larger legal theories upon which her case is based. *See Kamen v. Kemper Fin. Serv., Inc.*, 908 F.2d 1338, 1349 (7th Cir.1990) (finding that a securities class action in which the named representative knew little about either the case or the mutual fund involved, and had given counsel free reign merely fit the norm; it did not demonstrate the named plaintiff's inadequacy as a representative), *rev'd on other grounds*, 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir.1981) (recognizing that class certification was not defeated in *Surowitz v. Hilton Hotels, Corp.*, 383 U.S. 363, 366, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966), even though "the named plaintiff [a Polish immigrant] did not understand her complaint at all, could not explain the statements in it, had little knowledge of what the lawsuit was about, did not know the defendants by name, nor even the nature of the misconduct of the defendants" and relied almost entirely on the explana-

tions of her son-in-law). Both plaintiffs have demonstrated more than the minimal understanding necessary for a class representative to be deemed adequate. Plaintiff Randle has testified that she speaks to her attorneys fairly frequently, reads all of the documents sent to her, and has even read parts of the FDCPA. Plaintiff Edwards has testified that she understands her responsibilities as class representative, has read the documents mailed to her in connection with the case, understands the allegations, and even understands how statutory damages would be assessed were she to prevail.

Defendants further argue that plaintiff Randle cannot adequately represent the class because she does not believe her own allegations. Defendants misinterpret plaintiff's testimony. Plaintiff Randle testified that although at the time she received the collection form she believed that Publishers Clearing House had sent the debt to GCS for collection, she now believes, as she alleges in her complaint, that GCS was merely masquerading as the debt collector. Defendants' allegation that plaintiff Randle lied about her involvement in another case is also without merit. There is no evidence that Randle intentionally concealed that she was participating in a suit against Advanced Credit Services. Even if Randle neglected to list the other case in her responses to defendants' interrogatories, such a lapse in memory does not suggest that Randle's interests are antagonistic to those of the class. Moreover, plaintiff's credibility is not relevant to this case. The FDCPA is a strict liability statute, *see Wells v. McDonough,* 1998 WL 160876, at *3 (N.D.Ill. March 31, 1998), and claims against debt collectors under the FDCPA are viewed objectively through the eyes of the "unsophisticated consumer." *See Avila v. Rubin,* 84 F.3d 222, 226–27 (7th Cir.1996).

The purpose behind the adequacy of representation requirement is twofold: "(1) to ferret out incompetent or ineffective class counsel; and (2) to uncover conflicts of interest that may exist between the representative(s) and the remaining class members." *Wells,* 1998 WL 160876, at *4. Although defendants allege that Feld & Korrub hoodwinked

the named plaintiffs into becoming class representatives, defendants do not dispute that the firm Edelman & Combs has the requisite competence, experience, and qualifications to pursue this case vigorously. Defendants also do not dispute that the interests of the named plaintiffs are commensurate with those of the proposed class. The court therefore finds that the named plaintiffs are adequate class representatives.

### Conclusion

Plaintiffs' motion for class certification is granted. The proposed class is certified and defined as "all Illinois residents who: (a) . . . were sent a collection letter, (b) [i]n the form represented by Exhibits A–B, (c) [c]oncerning a debt which, from the records of the defendant or creditor or the nature of the debt, was a non-business debt (such as a bill for periodicals sent to a home), (d) [a]llegedly owed to Publishers Clearing House, and (e) [t]he letter was sent on or after November 18, 1996, and (f) [t]he letter was not returned by the Postal Service." Plaintiffs are directed to file a draft of an appropriate class notice on or before October 1, 1998. An objection to said notice shall be filed by October 9, 1998. This matter is set for status on October 15, 1998, at 9:30.