John CWIAK, on behalf of himself, his
beneficiary, Barbara Cwiak, and all
others similarly situated, Plaintiffs,

v.

FLINT INK CORPORATION, Defendant.

No. 98 C 4809.

United States District Court,
N.D. Illinois,
Eastern Division.

April 26, 1999.

James J. Casey, Jerome Kiley Bowman, Darren J. Hunter, Ross & Hardies, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff John Cwiak, on behalf of himself, his wife and all others similarly situated, has brought a two count putative class action complaint against his former employer, Flint Ink Corporation, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Plaintiff has moved for class certification. For the reasons set forth below, plaintiff's motion is denied.

### Facts

■ When evaluating a motion for class certification, the court accepts the allegations made in support of certification as true, and does not examine the merits of the case. *Hardin v. Harshbarger,* 814 F.Supp. 703, 706 (N.D.Ill.1993). According to the complaint, plaintiff was hired by defendant as a laboratory manager in February 1990. Defendant maintains a self insured benefit plan (the "Plan") which provides medical and other health benefits to defendant's employees and their beneficiaries. Plaintiff's wife Barbara is a beneficiary under the Plan.

The complaint alleges that Barbara (but not plaintiff) suffers from infertility, which substantially limits one or more of her major life activities. From October 1996 to February 1997 plaintiff and Barbara "received diagnoses and treatments for infertility, including tests, prescription drugs, and artificial insemination for her illness of infertility." Plaintiff and/or his and his wife's physicians submitted claims for benefit coverage for infertility diagnoses and treatments, which were denied because the Plan states "fertility procedures, drugs, supplies, treatment and counseling are not covered under the Plan."

Plaintiff alleges that this denial violates the ADA, and the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e–5(k). In his motion, plaintiff seeks certification of a class defined as "all defendant's current, former and future employees and their beneficiaries

Patricia Anne Collins, Stephen Jay Feinberg, Marvin Gittler, Margaret Ann Angelucci, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for plaintiffs.

insured by Flint Ink Corporations' self insured medical plan who have incurred or will incur medical expenses relating to infertility since on or about January 1, 1997, and continuing into the future."

### Discussion

█ Fed.R.Civ.P. 23, which governs class actions, requires a two-step analysis to determine whether class certification is appropriate. First, plaintiff must satisfy all four requirements of Rule 23(a): 1) numerosity; 2) commonality; 3) typicality and; 4) adequacy of representation. *Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 703 (7th Cir.1993). These elements are prerequisites, and failure to establish any one of them precludes class certification. *Retired Chicago Police Association v. City of Chicago,* 7 F.3d 584, 596 (7th Cir.1993). Second, plaintiff must satisfy one of the conditions of Rule 23(b). *Alliance to End Repression v. Rochford,* 565 F.2d 975, 977 (7th Cir.1977). Plaintiff seeks certification under Rule 23(b)(2), which requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiff bears the burden of showing that the requirements for class certification have been met. *Hardin,* 814 F.Supp. at 706.

█ In addition to establishing the prerequisites set out in Rule 23, plaintiff must also establish that he has "standing" to bring a suit by showing that he is a member of the class he purports to represent. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Defendant challenges this initial standing element, in addition to the numerosity, typicality and adequacy of representation requirements of Rule 23(a)(1), (3) and (4).

█ According to defendant, plaintiff is not a member of the class he purports to represent because he is not infertile, is not disabled, is not female, and does not suffer from a pregnancy related condition. Therefore, defendant argues that plaintiff did not suffer an injury and that there is no nexus between him and the purported class. This argument fails for two reasons.

First, plaintiff John Cwiak personally has incurred expenses and has been denied benefits for diagnoses of infertility related problems. Therefore, he is a member of the class, at least with respect to the ADA claim. Second, the Supreme Court has held that males can bring a claim under the PDA if the claim is premised on gender based discrimination. *See Newport News Shipbuilding and Dry Dock Co. v. EEOC,* 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983) (male employees stated a PDA claim based on a defendant's insurance plan that provided female employees with greater hospitalization benefits for pregnancy related conditions than those benefits provided to spouses of male employees).[1] Accordingly, the court concludes that plaintiff has standing to bring the claims.

█ In addition to standing, however, plaintiff must also establish the requirements for Rule 23(a)(1) through (4). Under Rule 23(a)(1), plaintiff must show that the class is so numerous that joinder of all members is impracticable. The exact number of class members need not be pleaded or proved, but impracticality of joinder must be positively shown, and cannot be speculative. *Gomez v. Comerford,* 833 F.Supp. 702, 706 (N.D.Ill. 1993); *Kohn v. Mucia,* 776 F.Supp. 348, 352 (N.D.Ill.1991). Defendant argues that the record demonstrates that only nine persons covered by the Plan, including plaintiff and his wife, have submitted and been denied claims for infertility related expenses. This, they argue, is insufficient to establish impracticality of joinder.

In reply, plaintiff presents statistics to demonstrate that as of May 1997 10.2% of all women of reproductive age (15–44) are infertile, and that 10% of the total reproductive age population are infertile. Plaintiff then argues that defendant's employment records demonstrate that the Plan covered at least 1,965 female employees and beneficiaries between the age of 18 and 44 during the relevant time period. If 10.2% of those 1,965

---

1. This court takes no position on whether plaintiff's complaint states a claim under either the ADA or the PDA. The parties have indicated that these legal issues will be addressed in summary judgment motions.

women are infertile, defendant would insure approximately 200 infertile females. This number, according to plaintiff, reflects only infertile female employees and beneficiaries, and does not take into account infertile male employees or beneficiaries.

■ Although statistics can be used to obtain a good faith estimate of class size, *see Beckless v. Heckler,* 622 F.Supp. 715, 720 (N.D.Ill.1985), plaintiff's statistics are faulty for a number of reasons. First, plaintiff uses defendant's entire 3,500 employee pool as its population, and then applies statistics relating to the population of the United States. It is undisputed, however, that defendant's employees are dispersed throughout the United States, Canada, Mexico, Europe, South America, Africa and Australia. Neither the ADA nor the PDA applies to employees in a foreign country who are not citizens of the United States. *See,* 42 U.S.C. § 2000e–1(a); *Gantchar v. United Airlines, Inc.,* 1995 WL 137053 (N.D.Ill. March 28, 1995). Therefore, unless all of defendant's foreign employees are citizens of the United States, the initial population pool is greatly exaggerated. Even if it were not, however, absent some evidence that infertility among the U.S. population is indicative of the population world wide, or some evidence of the number of employees in the United States, the statistics are meaningless.

Second, the statistics allegedly give an indication only of the number of infertile persons employed by defendant or covered under the Plan. The class of persons that plaintiff seeks to represent, however, is defined in the complaint as "all employees or beneficiaries who have bee denied benefits for infertility diagnosis and treatment." Statistics are not necessary to predict that number. The record demonstrates that at most nine people claimed and were denied infertility benefits (including plaintiff and his wife), which the court holds is not so numerous as to make joinder impracticable. *See, Cook County College Teachers Union v. Byrd,* 456 F.2d 882, 885 (7th Cir.1972).

■ Because of this problem, plaintiff's motion for class certification advances a different, much broader, definition of the class than the definition in the complaint. Rather than limiting the class to persons who have been denied benefits, the motion seeks to certify a class including all current, former and future employees and their beneficiaries who have incurred or will incur medical expenses relating to infertility. This attempt to amend the complaint through the motion for class certification is inappropriate, and the class certification issue must be decided on the definition stated in the complaint. *See Heastie v. Community Bank of Greater Peoria,* 125 F.R.D. 669, 672 n. 3 (N.D.Ill. 1989).[2] Because the number of class members in the class defined in the complaint is only nine, plaintiff has failed to establish impracticability of joinder.

Moreover, even if the court uses the broader class definition contained in the motion, and accepts plaintiff's statistics, all plaintiff can establish is a rough estimate of the number of infertile persons covered by the Plan. The broader proposed class is defined as persons who have incurred expenses relating to fertility. Plaintiff has presented no method to predict how many of the infertile persons covered by the Plan have or will incur expenses relating to fertility, and how many will be infertile without ever knowing it (e.g., they are single or don not desire children). Therefore, plaintiff's estimate of the number of class members is purely speculative. Because plaintiff cannot establish numerosity under Rule 23(a)(1), the motion for class certification is denied.[3]

■ Finally, in addition to plaintiff's failure under Rule 23(a), plaintiff's motion fails under Rule 23(b). Plaintiff seeks certification under Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." "As a general matter,

---

**2.** Because defendant has answered the complaint, plaintiff cannot amend the complaint without leave of court. Fed.R.Civ.P. 15(a).

**3.** Because plaintiff has failed numerosity under Rule 23(a)(1), the court need not address defendant's arguments with respect to commonality, typicality and adequacy of representation.

Rule 23(b)(2) is invoked in cases where injunctive or declaratory relief is the primary or exclusive remedy sought." *Buycks–Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 322, 335 (N.D.Ill.1995). Therefore, injunctive or declaratory relief must be the predominate remedy requested for class members. *Doe v. Guardian Life Insurance Co. of America,* 145 F.R.D. 466, 477 (N.D.Ill. 1992). In the instant case, plaintiff seeks an injunction preventing defendant from denying health care benefits on the basis of infertility, and compensatory and punitive damages, prejudgment interest, attorney's fees and costs. Because the class is defined either as persons who have been denied benefits or who have incurred or will incur expenses, the primary relief sought is payment of wrongfully withheld benefits, or money damages. Therefore, Rule 23(b)(2) certification is improper. *See McDonald v. Prudential Insurance Co. of America,* 1999 WL 102796 (N.D.Ill., Feb. 19, 1999); *Fietsam v. Connecticut General Life Insurance Co.,* 1994 WL 323313 (N.D.Ill., June 27, 1994).

### Conclusion

For the reasons set forth above, plaintiff's motion for class certification is denied.